EASTERBY *et al. v.* SOUTHERN G-F ·COMPANY *et al.*

No. 10857. OCTOBER 22, 1935. REHEARING DENIED NOVEMBER 15, 1935.

*Cecil R. Hall* and *Tye, Thomson & Tye,* for plaintiffs.
*Haas, Gambrell & Gardner,* for defendants.

GILBERT, Justice. Frank C. Easterby and L. G. Mumaw filed, on behalf of themselves and other alleged stockholders, a petition against the Southern G-F Company, a corporation, and C. D. Schwarts and Louis Aronstam, officers and directors of that corporation, in which they alleged certain ultra vires acts of the corporation through Schwarts and Aronstam, and in which they prayed for an accounting and judgment in favor of the corporation against Schwarts and Aronstam with respect to certain loans alleged to have been illegally made by those officers to themselves; that pending the determination of the cause Aronstam be enjoined from disposing of or altering any of his assets; that the corporation be enjoined from paying any money to him; and that Schwarts be enjoined from disposing of or altering the status of his stock in the corporation; and for other relief. The defendants were temporarily enjoined. Upon the filing of an answer by the defendants the case was referred to an auditor, who subsequently filed his report including findings of facts and of law, and finding in favor of the defendants. It appears that the petitioners had previously filed a similar suit, and that afterwards and before the filing of the present suit they had, by written contract with Aronstam, the essential parts of which are hereinafter set out, and which the auditor found to effect a present sale of their stock, agreed not to file any suit against the corporation, Aronstam, and Schwarts upon the same cause of action as in the suit then pending, provided that Aronstam keep up the agreed monthly payments for the stock. It does not appear that there was an assignment of the stock certificates or a transfer entered on the books of the corporation. To the auditor's findings as his conclusions of law with respect to the transaction the plaintiffs filed their exceptions of law. The court disallowed the exceptions, and the auditor's report was approved and made the judgment of the court, and the restraining order dissolved. The plaintiffs excepted.

The auditor, in the 19th paragraph of his findings, states: "That Easterby and Mumaw having sold their stock in the defendant company to Aronstam and accepted from him part payment therefor in cash and part in the form of promissory notes, without retaining title to the stock, the ownership of said stock at once passed to and became the property of Aronstam. Consequently, at the time this bill was filed, neither of the plaintiffs was a stock-

holder. Whatever rights they theretofore had as minority stockholders in the defendant corporation, in the absence of fraud, duress, etc., in the procurement and/or execution of the aforesaid contract of sale, vanished with the stock. Their remedy now is confined to an action against Aronstam on the notes which they hold." The plaintiffs excepted to this finding as a matter of law. The exception was disallowed and overruled by the court, and a final decree was rendered denying all of the relief sought by the petitioners. That finding of the auditor which was approved by the court controlled the entire case adversely to the petitioners. If the petitioners had no interest in the corporation, and their remedy was confined to an action against Aronstam personally on the notes, it necessarily follows that all of the relief sought in the present case must be denied. We hold that the finding of the auditor can not be sustained, and that the court erred in overruling the exceptions. That necessarily entered into and controlled the final decree and rendered it erroneous. It does not appear from the contract entered into between Easterby and Mumaw on the one side, and Aronstam on the other, that there has been any assignment made of the stock certificates owned by Easterby and Mumaw; nor does it appear that there has been any transfer made on the books of the company. It affirmatively appears that the contract has never been executed by the payment of the full amount which Aronstam obligated himself to pay. The wording of the agreement itself shows that it was misconstrued by the auditor, who held it to be a present sale. The words of the contract are as follows: "Witnesseth that the parties of the first part have *agreed to sell* said Aronstam their capital stock," etc. (Italics ours.) Then follow the name of the company and the number of the shares and other provisions of the contract. The contract further provided, that, "in the event that any of the conditions of this agreement be violated by the said Aronstam, the sellers shall be at liberty to proceed against them in the same manner as if this conditional sale of their stock and agreement had not been entered into, and without prejudice whatsoever on account of having authorized the dismissal of said cases, and/or having entered into this agreement." Construing the contract as a whole, it can not be held that it was a present sale and an executed contract. On the contrary, it was, as set out on its face, an agreement to sell and

was an executory contract. Under the facts there was no reason why Easterby and Mumaw could not bring suit as minority stockholders. The decision upon that point, however, need not rest upon construction. The second paragraph of the petition expressly recites that "the outstanding capital stock of said defendant corporation consists of 4975 shares, of which petitioner Frank C. Easterby owns 257 shares, part of which he bought in the year 1923 and the remainder in 1926, and petitioner L. G. Mumaw owns 60 shares. That petitioners' stock is fully paid for." The answer of the defendants admits the allegations of that paragraph, and adds that "in addition to the stockholders named therein, Julius Kahn, trustee, owns three hundred and ninety-three (393) shares of the company's stock." The finding in the 19th paragraph contradicts the first paragraph of the auditor's findings, to wit: "As auditor I find . . that both Easterby and Mumaw now are and have been stockholders in the defendant company since early in 1923," etc. Since that ruling controlled the case, a reversal of the entire decree is rendered necessary, and the case is remanded for a further hearing. All other questions passed upon by the auditor and the court are reopened without prejudice.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent because of illness.*