A97A1125. McNEIL v. SOUTHERN GOLF INVESTMENTS OF GEORGIA, INC. et al.
(492 SE2d 283)

ANDREWS, Chief Judge.

Alex McNeil appeals from the trial court's order granting summary judgment to Southern Golf Investments of Georgia, Inc. (Southern Golf) on his shareholder's derivative action pursuant to OCGA § 14-2-831. McNeil sought an accounting of profits made from the sale of real estate belonging to Southern Golf and one-third of the corporate profits resulting from that sale. Because we find that at the time of the sale McNeil no longer owned any shares in the corporation and thus had no standing to bring the action under OCGA § 14-

2-831, we affirm the judgment of the trial court.

The underlying facts in this case are as follows. In April 1993, McNeil entered into an agreement with Melvin Graham and Ray Sloss, the two shareholders in Southern Golf, under which McNeil was allowed to purchase a one-third share of the stock in the corporation for $315,000. At the same time, McNeil entered into an employment agreement with the corporation under which he was to manage Goshen Golf Club. McNeil managed the club until November 1993, when he was terminated.

McNeil filed suit, alleging he was fraudulently induced to invest the $315,000 in the corporation. The parties entered into a "Settlement Agreement in Full and Final Release of All Claims" under which McNeil was to receive $322,500 in return for his one-third share of the stock. McNeil was to receive $50,000 by August 15, 1994, $150,000 by September 15, 1994, and $122,500 by October 15, 1994. Upon signing the agreement, McNeil executed a dismissal without prejudice of his complaint and after receiving payment in full, he dismissed his suit with prejudice.

However, on September 29, 1994, after the second installment payment but before payment in full for McNeil's stock, Southern Golf sold Goshen Golf Club. When McNeil discovered the sale of the golf club, he brought the instant action, requesting an accounting and his one-third share of the profits. The trial court granted summary judgment to Southern Golf, and this appeal followed.

On appeal, McNeil alleges that he still owned the stock at the time of the sale because the final payment of the three payments had not been made. He claims the settlement agreement was not fulfilled until the final payment was made. We disagree. *Computer Maintenance Corp. v. Tilley*, 172 Ga. App. 220, 225-226 (322 SE2d 533) (1984), correctly relied on by the trial court, held on similar facts that the sale of stock "was consummated upon the corporation's tender of the first installment of the purchase price" to the stockholder and, therefore, the stockholder had no standing to bring a shareholder's derivative action. Id. In that case, as in the instant case, there was no language in the agreement stating that the sale of stock was subject to any contingencies beyond completion of all payments. Id. at 226. Compare *Easterby v. Southern G-F Co.*, 181 Ga. 405 (182 SE 508) (1935), in which the Court found the language of the contract itself indicated that no present sale was intended and plaintiffs retained possession of their stock until paid in full. Moreover, the defendants admitted in their answer that plaintiffs were still shareholders in the corporation. Id. at 407-408; *Computer Maintenance Corp.*, supra. As the instant case appears to be directly on point with *Computer Maintenance Corp.*, we find that McNeil no longer owned any shares of stock in Southern Golf and, therefore, had no authority to institute a

derivative action under OCGA § 14-2-831. Accordingly, the trial court correctly granted summary judgment to Southern Golf.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 15, 1997.

*Samuel W. Cruse*, for appellant.
*Dunstan, Dunstan & Cleary, James R. Dunstan*, for appellees.