ALBRIGHT *et al. v.* FULTON COUNTY HOME BUILDERS
*et al.*

Under the pleadings and the evidence in the case the court did not err
   in dismissing the petition for injunction and receiver.

No. 2208.   MAY 11, 1921.

Equitable petition. Before Judge Pendleton. Fulton superior
court. June 21, 1920.

*A. S. Grove* and *Johnson & Scott,* for plaintiffs.

*Smith, Hammond & Smith* and *Frank A. Hooper & Son,* for defendants.

BECK, P. J. W. A. Albright and others, minority stockholders of
Fulton County Home Builders, a corporation, filed their equitable
petition against the corporation, the officers of the corporation, and
certain named directors. The petition was filed for the complain-
ants and such other stockholders as may join in the action as plain-
tiffs. It appears from the petition, that the object of the incorpora-
tion of the defendant company was to carry on the business of
building and selling houses in and about the City of Atlanta; and
it is alleged that for the first few years of its existence; and prior
to the year 1914, the company did a successful and profitable busi-
ness and good dividends were paid on the stock; but about the be-
ginning of 1914 the real estate market became practically dead, and
it is alleged that the company ceased operation as a going concern
and has so continued ever since; that the company ceased business,
and its only business of late has been to hold and take care of the
property it had acquired; that for some five or six years the busi-
ness affairs of the company have been in a state of practical stagna-
tion, no new business has been undertaken, no money made, no
dividends paid on stock, and petitioners' money invested in the
stock of the company has been wholly unproductive; that since 1914
there has been a change in business conditions, and that for the
past two years there has been an active demand for houses, but that
the prices of building materials and the cost of labor are so high
and unsettled, it would be ruinous to resume building operations;
that E. C. Callaway, the president of the company, has said that it
would be disastrous to resume building operations, and that he had
no other thought except to liquidate the company, but, though
earnestly requested to do so, he failed and neglected to liquidate,
and continues to hold the property together. This property consists

of real estate in Atlanta and environs, and in notes and mortgages taken for property sold, amounting in the aggregate to some $241,000. Petitioners allege that now is the time to sell and realize upon the remaining property of the company; that the time is propitious for that. It is alleged that the object and purpose of the company have permanently failed and been abandoned by the company and its officers and directors, without the thought upon the part of anybody that they shall be resumed; that the company is a "dead thing," and at most a naked trustee holding title to an unproductive estate which in justice ought to have been distributed among the stockholders; that the property and assets of the company are being depleted and consumed in expenses incident to maintaining the company as an organization — office expense, rent, stationery, clerk hire, salaries, taxes, etc., to the extent of some $600 to $1,000 per month, according to information coming to petitioners. Petitioners "have repeatedly applied to Callaway, the president, who controls the company, to take advantage of the present demand for houses and the high prices that now obtain, to sell the houses and property still owned by the company and wind up its affairs. . . . And while he admits that it is the time to sell, . . and has stated that it was his purpose to liquidate the company, he nevertheless fails and refuses to do so." Petitioners pray, among other things, for the appointment of a receiver, for injunction, for a full and complete statement and accounting, etc. To the petition an amendment was filed, alleging that the conditions set forth "are known to the directors and to the majority common stockholders of the company, and have been known for the past two years; that petitioners have complained to directors and to the majority common stockholders of the company about the condition of the company, and have asked said directors and common stockholders to rectify the condition by liquidating, and they failed to do so. That while the directors and majority stockholders have stated they intend to liquidate the company, and have promised to do so time and time again during the past two years, they nevertheless have failed to liquidate the company, and petitioners do not believe they intend to liquidate until they are forced to do so by the court." It is alleged that the majority of the common stock of the company is owned and controlled by the Metropolitan Trust Company, a corporation now operating in the City

of Atlanta, which latter company is owned and controlled by the directors and majority common stockholders of the Fulton County Home Builders; that the directors and majority stockholders are prolonging the liquidation of the company because it is for the interest of the Metropolitan Trust Company, and consequently to their interest to keep the assets of the Fulton County Home Builders together, in order that they may, together with the said Metropolitan Trust Company, utilize and exploit the assets of the Fulton County Home Builders.

To this petition demurrers, general and special, were filed by the corporation and by certain of its officers and directors. The amendment was stricken on demurrer, and the general demurrer to the petition was sustained; to which judgment the petitioners excepted.

The court did not err in sustaining the demurrers to the petition and the amendment. It is provided in the Civil Code, § 2224:

" A minority stockholder may proceed in equity in behalf of himself and other stockholders for fraud, or acts ultra vires, against a corporation, its officers and those participating therein, when he and they are injured thereby. But there must be shown —

1. Some action or threatened action of the directors beyond the charter powers; or,

2. Such a fraudulent transaction, completed or threatened, among themselves or shareholders or others, as will result in serious injury to the company or other shareholders; or,

3. That a majority of the directors are acting in their own interest in a manner destructive of the company, or of the rights of the other shareholders; or,

4. That the majority stockholders are oppressively and illegally pursuing, in the name of the corporation, a course in violation of the rights of the shareholders, which can only be restrained by a court of equity; and it must also appear

5. That petitioner has acted promptly; that he made an earnest effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or it was not reasonable to require it."

Taking all of the allegations in the petition together, it does not appear that there has been such a violation of their duties by the directors and officers of the company as to require the interference

of a court of equity. It is true that there are general allegations in the petition that the concern is "dead" and that it has ceased to be a going concern. But the allegations that the corporation is dead and has ceased to be a going concern become vague terms when the nature and purposes of the corporation are considered. Its purpose is to purchase real estate and build houses upon the same. There may come periods when it is desirable that active operations shall be suspended; that the directors may very properly conclude that for a while it is hazardous to either purchase property or to sell or engage in building; that it is the part of prudence to await developments of a change in the financial condition in the community. Moreover, the general allegation that the corporation has ceased to be a going concern, which expression might have a definite and fixed meaning when used to describe certain other businesses, as a mercantile business, a manufacturing establishment, a railroad, or one of numerous other concerns that must do something every day or cease to exist, does not in the present petition have the actual effect of showing that the corporation has ceased to be a going concern, when considered in connection with other allegations in the petition showing that the corporation is keeping open an office, that it has a force of clerks and stenographers, and therefore is ready for business. And it is clearly inferable from the petition that when in the judgment of the directors — and they necessarily have a large discretion in that matter — they deem it advisable to further prosecute the business for which they were organized, by actually buying or selling or building, they may do so. While there are criticisms upon the conduct of the directors and majority stockholders, there is no specific charge made against them of fraud; and the mere suspension for a while of building or of purchasing and selling does not show such mismanagement on the part of the officers and directors of the corporation as to require the interference of a court of equity. Section 2223 of the Civil Code declares, that, "So long as the majority of stockholders confine themselves within the charter powers, a court of equity will require a strong case of mismanagement, or fraud, before it will interfere with the internal management of the affairs of a corporation." Subsection 5 of § 2224 is to be read in connection with each of the four preceding subsections; and it is not sufficient that the petitioners in this case should show they

had made an earnest effort to obtain redress of the particular form that they are urging in this petition, but they should show that they have made an earnest effort to obtain redress at the hands of the directors and majority stockholders of some action or threatened action of the directors that are included in those illegal acts denounced in subsections 1, 2, 3, and 4 of section 2224, or they must show why this could not be done, or that it was not reasonable to require it. And the complainants do not show in this petition that they have done this.

A rule contrary to that which we have laid down could not well be reconciled to the other decisions of this court made in cases involving questions similar to that which we have before us.

*Judgment affirmed. All the Justices concur.*