*P. D. Rich,* for plaintiffs.    *A. H. Gray,* for defendants.

---

PEOPLES BANK OF RICHLAND *et al.* v. SOUTHERN INVESTMENT COMPANY *et al.*

GILBERT, J.    1. The petition sets forth a cause of action by minority stockholders against a bank incorporated under the laws of Georgia, and the directors of said bank, complaining of acts of said bank and said directors in illegally lending money and allowing overdrafts.    Civil Code (1910), § 2224; Ga. Laws 1919, p. 216, §§ 19, 22, 8 Park's Code Supp. §§ 2281(s), 2281(v); *Weslosky* v. *Quarterman,* 123 *Ga.* 312 (51 S. E. 426).    Compare *Bush* v. *Bonner,* 156 *Ga.* 143(2) (118 S. E. 658); *Albright* v. *Fulton County Home Builders,* 151 *Ga.* 485 (107 S. E. 335), where it was held that the allegations were insufficient to set out a case by minority stockholders.

2. The court was authorized to hold, under the allegations of the petition, that plaintiffs acted with such promptness as the law required, and that they were not, on account of lack of diligence, estopped from bringing the suit.

(a) It is alleged in the petition "that as soon as petitioners learned of the illegal transactions on the part of said bank directors, as aforesaid, they undertook to have the books of said bank audited, which request

Banks and Banking, 7 C. J. p. 572, n. 52 New.

therefor was denied by the said bank; that the affairs of said bank were in the hands of the said directors, whose wrongful and illegal actions and personal liabilities to said bank were the subject-matters of complaint, and whose interests were antagonistic to the bank and its stockholders, and who exercised controlling influence over a majority of the stockholders, and as a result of this condition petitioners have not been able to obtain any redress for their wrongs."

(b) It is further alleged in the petition "that said directors were not in a position to sue themselves for wrongs committed by themselves against the bank; and it is accordingly the right of the petitioners, in behalf of themselves and other stockholders at interest, to proceed against the directors aforesaid, and to enforce against them the personal liability which they have incurred to said bank."

3. It does not appear from the petition that the bank had been taken over by the State superintendent of banks, or that the bank was in condition to authorize such action. If this had been alleged, a different question would be presented.

4. The court did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 5670.    MARCH 17, 1927.

Equitable petition. Before Judge Littlejohn. Stewart superior court. September 15, 1926.

The Southern Investment Company and certain individuals, alleging themselves to be stockholders in the Peoples Bank of Richland, brought an equitable petition against that bank and its officers and directors for the years 1921, 1922, and 1923, alleging that said bank, with the approval of its directors, had made certain excessive loans to one of the directors and his business connections, and had permitted considerable overdrafts in behalf of the same, without collateral or security, in violation of the banking acts of Georgia of 1919 and 1922; that petitioners had undertaken, as soon as they learned of the alleged irregularities, to have the bank's books audited, but they were prevented from so doing by said directors, "whose wrongful and illegal actions and personal liabilities to said bank were the subject-matter of complaint;" that "said directors were not in position to sue themselves for wrongs committed by themselves against the bank; and it is accordingly the right of the petitioners, in behalf of themselves and other stockholders at interest, to proceed against the directors aforesaid, and to enforce against them the personal liability which they have incurred to said bank." Petitioners charged, upon information and belief, that said directors had entered into an agreement whereby the assets of the bank had been taken over by the Georgia State

Bank, under which arrangement depositors and general creditors might be paid in full, but the stockholders would lose their entire holdings; and that said loans and overdrafts had not been repaid. The petition prayed that plaintiffs be allowed to proceed against the directors, for an accounting between the directors and the bank, for a judgment against the directors jointly and severally "for the amount of their liability to said bank as a result of the illegal and excessive loans and overdrafts," and that any funds realized be subject to the order of the court.

The petition was demurred to generally; and specially upon the grounds that it was multifarious in that it failed to show any common right between plaintiffs and the bank to seek any relief for which the bank and the directors were liable, that it was indefinite and inconclusive, and that it did not allege there was no other remedy at law by which the relief sought could be had, though it did allege that the directors could not sue themselves. The court overruled the demurrer, and the defendants excepted.

*W. W. Dykes,* for plaintiffs in error.

*M. F. Adams* and *W. H. Key,* contra.