NUSSBAUM *et al.* v. NUSSBAUM *et al.*, executors.

No. 12432.   September 24, 1938.

*Little, Powell, Reid & Goldstein, Waller W. Visanska,* and *John R. Wilson,* for plaintiffs in error.

*Harold Hirsch, Marion Smith, D. F. McClatchey Jr., J. E. Gorlatowsky,* and *Vance Custer,* contra.

GRICE, Justice. The petition is what is sometimes called a stockholders' derivative or representative suit, brought on behalf of the plaintiffs and other stockholders similarly situated, to enforce for the Miller Manufacturing Company rights which it is asserted belong to that company by virtue of its ownership of a 49 per cent. stock interest in the Miller Hydro Company. The rights sought to be enforced are those connected with the right of the manufacturing company to have the refusal of the purchase of the other 51 per cent. of the hydro company's stock, which 51 per cent. is owned by the Meyer Manufacturing Company. Numerous propositions of law are argued in the briefs of counsel, most of them relating to the by-law restricting the alienation of the stock. Whether or not the by-law of the Miller Hydro Company is valid, or at least binding in equity as to parties at whose instance it was adopted; whether or not such by-law is applicable to sales and transfers from stockholder to stockholder as well as to sales and transfers from stockholder to outsider; whether or not the resolutions adopted by the directors of the Miller Manufacturing Company were voidable as fraudulent, or because of the vote of interested directors; and whether or not the plaintiffs are estopped by the subsequent ratification of the resolutions at a meeting of the directors called at the instance of the plaintiffs, are questions which we lay to one side, because if the contentions of defendants in error as to all of them were sustained, they would still, under our view of the case, be unable to prevail, for the reasons given in the first headnote. It is stated in the petition that "this proceeding is brought by plaintiffs as stockholders of Miller Manufacturing Company, on behalf of themselves and other stockholders similarly situated, and in addition by Herbert H. Nussbaum as a director and officer of Miller Manufacturing Company, and by him as a director and officer of Miller Hydro Company." Herbert H. Nussbaum is the only plaintiff who it is alleged holds stock in Miller Hydro Company, and as to this the allegation is that his was a qualifying share "owned in equity by said Miller Manufacturing Company." In so far as this is a proceeding brought by him "as a director and officer of Miller Hydro Company," it must fail, because he, as such officer (treasurer) or as a single director owning in equity not a single share

of stock, shows no such interest or authority as would authorize him to proceed for the Miller Hydro Company.

The petition fails to show the plaintiffs to be majority stockholders of Miller Manufacturing Company. Originally the company had 2475 shares outstanding. If we assume that the bare allegation that "on information and belief the shares of C. A. Miller Jr. [50 in number] have been reassigned to Miller Manufacturing Company" is a sufficiently definite and certain averment to allege a reduction of the outstanding shares to 2425, still, in order for the plaintiffs to own a majority of that number, it would be necessary to include a hundred shares of stock referred to in paragraph 10 of the petition as follows: "Concerning the shares listed on the books in the name of C. A. Miller, on June 7, 1937, said C. A. Miller and plaintiff Herbert H. Nussbaum entered into an agreement whereby said Miller agreed to sell to said Herbert H. Nussbaum one hundred of said shares, and the shares to be sold were endorsed in blank by said Miller and transferred and assigned to Herbert H. Nussbaum, and possession of them delivered to said Nussbaum. However, said one hundred shares are still registered on the books of the Miller Manufacturing Company in the name of C. A. Miller, although in equity and justice they belong to Herbert H. Nussbaum. The controversy between plaintiff Herbert H. Nussbaum and defendant C. A. Miller is hereinafter more particularly referred to." Indulging a second assumption, to wit, that perfect equitable title to stock, irrespective of the name in which it appears on the books of the corporation, may be sufficient ownership to qualify one to participate in a stockholder's suit of this character, still it is not made to appear from the allegations quoted above that Herbert H. Nussbaum holds the perfect equitable title to this C. A. Miller stock. The averment is that Herbert H. Nussbaum entered into an agreement whereby Miller "agreed to sell;" and that the shares "to be sold" were endorsed in blank, etc. Compare *Easterby* v. *Southern G-F Co.,* 181 *Ga.* 405, 407 (182 S. E. 508). It does not appear that the purchase-price agreed upon has ever been paid. It does affirmatively appear that such ownership is the subject of litigation in the superior court of Decatur County, and that this stock is registered in the name of Miller. It is not alleged that any other action has been brought against the Miller Manufacturing

Company concerning the sale of the C. A. Miller stock, or that even a request has been made of it to record a transfer of such stock in the name of the plaintiff Nussbaum. Failing to show ownership in the plaintiffs of a majority of the stock of Miller Manufacturing Company, it must be treated as being a proceeding by minority stockholders. The suit can not be maintained by plaintiffs as minority stockholders in Miller Manufacturing Company, itself a minority stockholder in Miller Hydro Company, for the reason that it is not shown that the complaining stockholders have met the prime requirement of the Code, § 22-711, which in effect declares, that, before minority stockholders can proceed in equity in behalf of themselves and others for fraud or acts ultra vires against a corporation, it must be shown that plaintiffs made an earnest effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or that it was not reasonable to require it. It is true that it is alleged that redress was sought at the hands of the directors of Miller Manufacturing Company, but not at the hands of the directors and stockholders.

We are aware of the fact that there is respectable authority for the proposition that whereas ordinarily the stockholders of a corporation have no control of its business except through an annual election of officers, a refusal of those officers to sue is sufficient to authorize a suit by a stockholder without resort to stockholders; and that the trend of modern authority is to that effect. 3 Fletcher's Cyclopedia of Private Corporations (ed. 1931), § 1283, and cit. The requirement of the law of this State, however, as stated in the Code section, is that redress must be sought at the hands of directors and stockholders. Compare *Smith* v. *Coolidge Banking Co.*, 147 *Ga.* 7 (92 S. E. 519). It is not alleged that the defendants exercised a controlling influence over a majority of the stockholders, as in *Peoples Bank of Richland* v. *Southern Investment Co.*, 164 *Ga.* 31 (137 S. E. 547). On the contrary it is averred in paragraph 44 of the petition that "a majority of the stockholders of Miller Manufacturing Company are desirous that said company, or Miller Hydro Company, purchase said stock held by George J. Meyer Manufacturing Company, and if they are given an opportunity to do so, they will authorize and direct the directors of Miller Manufacturing Company to acquire said stock for Miller Manufacturing Company." The statement of

the attitude of the majority of the stockholders as to the purchase of the stock negatives the idea that it would be unreasonable to require that the effort to obtain redress be made of the stockholders, and no facts are alleged anywhere else in the petition to show that it would be unreasonable. It follows that since one of the conditions precedent to the bringing of a suit of this character has not been complied with, the demurrer should have been sustained and the petition dismissed.

*Judgment reversed. All the Justices concur.*