No. 12844. JUNE 14, 1939.

NUSSBAUM *et al. v.* NUSSBAUM *et al.*

No. 12776. JUNE 14, 1939.

*Hirsch & Smith, Vance Custer, D. F. McClatchey,* and *Julian E. Gortatowsky,* for plaintiffs.

*Powell, Goldstein, Frazer & Murphy, John R. Wilson,* and *Walter W. Visanska,* for defendants.

MUNDY, Judge. This petition was brought in the names of Herbert H. Nussbaum, B. W. Nussbaum, and M. E. Nussbaum Jr., in their individual capacity (they being the sons of M. E. Nussbaum Sr., deceased), the other plaintiffs being Herbert H. Nussbaum and M. E. Nussbaum Jr., as executors of the estate of M. E. Nussbaum. In paragraph 14 of the petition it is alleged that "This proceeding is brought by plaintiffs as stockholders of Miller Manufacturing Company, on behalf of themselves and other stockholders similarly situated, and, in addition, by Herbert H. Nussbaum as a director and officer of Miller Manufacturing Company, and by him as a director and officer of Miller Hydro Company." The petition is directed against Melvin H. Nussbaum as a director and officer of Miller Manufacturing Company, as a director and officer of Miller Hydro Company, and in his individual capacity; against C. A. Miller as a director of Miller Manufacturing Company, and in his individual capacity; and against both Miller Manufacturing Company and Miller Hydro Company. Defendants Nussbaum and Miller are stockholders of Miller Manufacturing Company. The case was before this court on exception to a judgment overruling the defendants' demurrers to the petition; and this court held that the petition did not set forth an equitable cause of action, and that the trial court erred in overruling the general demurrers. *Nussbaum* v. *Nussbaum,* 186 *Ga.* 773 (199 S. E. 169). Before the remittitur from this court was made the judgment of the superior court, the plaintiffs offered an amendment to their petition, which was allowed on October 3, 1938, subject to objections. The defendants renewed each and all of their demurrers to the original petition, and demurred generally and specially to the petition as

amended. Thereafter the defendants moved that the court make the judgment of the Supreme Court the judgment of the superior court. They insisted "that the petition be dismissed, notwithstanding the amendment filed October 3, 1938, because: (1) the facts alleged in the amendment of October 3, 1938, do not cure the defects in the petition, pointed out by the Supreme Court in its opinion: (2) because the amendment filed October 3, 1938, alleges no facts [not] set forth in the original petition, sufficient to cure the defects pointed out in the opinion of the Supreme Court: (3) because the petition, as amended by the amendment filed October 3, 1938, fails to set out a cause of action." The court on January 19, 1939, passed the following order: "Now, after hearing the parties, it is ordered and adjudged that the judgment of the Supreme Court be and is hereby made the judgment of this court, and the general demurrers of each and all of the defendants be and is hereby sustained, and it is ordered and adjudged that the plaintiffs' petition as amended is dismissed." The plaintiffs excepted to this judgment; and the question before this court is whether or not the trial court erred in the ruling just stated.

It is alleged in the petition as amended: "It is therefore shown that at the time the petition was filed plaintiffs owned or controlled the voting of 1125 shares of the capital stock of said company (Miller Manufacturing Company), and the defendants Melvin Nussbaum and C. A. Miller owned or controlled the voting of 1080 shares of such capital stock. Neither the shares listed on the books in the name of Wise, nor those listed on the books in the name of C. A. Miller Jr., nor 100 of the shares listed on the books in the name of C. A. Miller, could have been voted at any meeting of the stockholders. Accordingly, it is shown that at the time the petition was filed plaintiffs held a majority of the shares of Miller Manufacturing Company, entitled at such time to vote at meetings of stockholders. The actions engaged in by defendants, however, were of such a character as is set out in the petition as to effectively prevent the desires of the majority of the stock at such time from being asserted. Plaintiffs suffered the probability of the right of Miller Manufacturing Company to purchase the Miller Hydro stock being lost through the conspiracy and actions of two directors, Melvin Nussbaum and C. A. Miller."

The petition shows that in June, 1937, Herbert H. Nussbaum

contracted to purchase from C. A. Miller the 100 shares in controversy; and that on October 26, 1937, C. A. Miller and Melvin H. Nussbaum, two of the three directors of the Miller Manufacturing Company, held a meeting without giving notice to the other director, Herbert H. Nussbaum, who was absent from the State, and passed four resolutions. When Herbert H. Nussbaum heard of this, he as president of Miller Manufacturing Company · called a meeting of the directors, which was held on November 10, 1937, and sought to have the directors by vote rescind the resolutions passed on October 26, but was unsuccessful in getting the other two directors so to vote. On the contrary, they voted to reaffirm the resolutions, which it is alleged were irregularly and unlawfully passed on October 26. No attack is made specifically in the pleading (petition or amendment) on the validity of the action taken by the directors on November 10, 1937. Exhibit D attached to the petition is one of the four resolutions alleged to have been passed by the directors, C. A. Miller and Melvin Nussbaum, on October 26, 1937, and reaffirmed by the directors on November 10, 1937. This resolution provided, among other things: "A special meeting of the stockholders of this company (Miller Manufacturing Company) is hereby called to be held at the offices of the company at 10 o'clock a. m. on the 23d day of November, 1937, to move and act upon the partial or complete liquidation of the company's business and surrender of its charter, and to take such steps, if any, as the stockholders may deem advisable to accomplish these ends; and the secretary of the company is directed to send notice thereof, as provided in the by-laws." The original petition was sworn to by Herbert H. Nussbaum on November 13, 1937, and the petition was presented to Judge Virlyn B. Moore, in Fulton superior court, on November 17, 1937, six days before the date of the meeting of the stockholders called by the directors on November 10, 1937. It does not appear from the petition or the amendment that the plaintiffs sought a meeting of the stockholders of the Miller Manufacturing Company, or the Hydro Electric Company, before the filing of the petition in this case; it is not alleged that the directors or officers of the Miller Manufacturing Company, or of the Hydro Electric Company, were asked to call a meeting of the stockholders. Therefore, if the plaintiffs are minority stockholders, as alleged in the petition, the opinion of this court in 186 *Ga.* 773 (supra), is con-

trolling. If the amendment alleges sufficient facts to show the plaintiffs to be majority stockholders in the Miller Manufacturing Company, the allegations of the petition and the amendment fail to show that the plaintiffs have gone far enough in an effort to get relief inside of the corporation. It is the judgment of this court, considering all the allegations of the petition and the amendment, that the trial court did not err in sustaining the general demurrers of the defendants and dismissing the action.

The appointment of a receiver is a harsh remedy to apply to any business. The business of a corporation should not be taken away from the proper management of the directors and stockholders and put in the hands of a receiver, unless and until it definitely and clearly appears that the directors and stockholders of such corporation are unable, after an honest and earnest effort, to get relief inside the corporation; that is, by proper corporate action. In the case under consideration it does not appear that the stockholders have been called on to take any action, and no sufficient reason is given why they have not been called to act to save this corporation (Miller Manufacturing Company) from a receivership and the usual consequences of such action. As it appears from the petition as amended that the plaintiffs are undertaking to act and have the affairs of the company (Miller Manufacturing Company) put in the hands of a receiver, and thereby take the management of its affairs from the officers and stockholders of the company without taking the proper and necessary action within the corporation, the plaintiffs are not entitled to maintain their action. The judge did not err in making the judgment of this court the judgment of the trial court, and in sustaining the general demurrers to the petition as amended.

Numerous positions are taken and propositions of law are argued in the briefs of counsel. It is the judgment of this court that the plaintiffs are not entitled to maintain their suit, for the reason that no proper appeal had been made to the directors and stockholders for relief inside the corporation before the filing of the petition. Therefore it is unnecessary to decide, and the court does not at this time pass upon, whether or not the by-law of the Miller Hydro Company is valid, or at least binding in equity, as to parties at whose instance it was adopted; whether or not such by-law is applicable to sales and transfers from stockholder to stockholder, as

well as to sales and transfers from stockholder to outsider; whether or not the resolutions adopted by the directors of the Miller Manufacturing Company were voidable as fraudulent, or because of the vote of interested directors; and whether or not the plaintiffs are estopped by the subsequent ratification of the resolutions at a meeting of the directors called at the instance of the plaintiffs;—because, if the contentions of the plaintiffs as to all of them were sustained, they would still, under our view of the case, be unable to prevail, for the reasons above stated. Therefore the judgment is affirmed. See *Richardson* v. *Coker*, 188 *Ga.* 170 (3 S. E. 2d).

*Judgment affirmed. All the Justices concur.*