1. This being a suit by minority stockholders, one of whom was a director, against the other directors, and the corporation, for appointment of a receiver and other relief, whether or not the allegations were otherwise sufficient to state a cause of action, the petition was defective and subject to general demurrer because it did not show that the plaintiffs had made an earnest effort to obtain redress at the *Page 356 
hands of the directors and stockholders, or why this could not be done, or that it was not reasonable to require it. Code, § 22-711; Alexander v. Searcy, 81 Ga. 536 (2) (8 S.E. 630, 12 Am. St. R. 337); Smith v. Coolidge Banking Co., 147 Ga. 7 (92 S.E. 519); Albright v. Fulton County Home Builders, 151 Ga. 485 (107 S.E. 335); Bush v. Bonner 156 Ga. 143 (118 S.E. 658); Smith v. Albright-England Co., 171 Ga. 544 (3) (156 S.E. 313); Nussbaum v. Nussbaum, 186 Ga. 773 (199 S.E. 169); Nussbaum v. Nussbaum, 188 Ga. 224 (3 S.E.2d 721).
2. The foregoing conclusion is not altered by the allegations regarding misapplication of funds by the president, permitted and allowed by a majority of the board of directors, three of whom, according to the petition, admitted knowledge of such misapplication. The right of recovery, if any, upon this account, being in the corporation, the plaintiffs could not proceed as minority stockholders without alleging facts to bring the case within the rule referred to above. See Colquitt v. Howard, 11 Ga. 556 (3); Bush v. Bonner, supra; Peoples Bank of Richland v. Southern Investment Co., 164 Ga. 31 (137 S.E. 547).
3. The facts that some of the defendants filed an answer in which they joined with the plaintiffs in praying for a receiver, and that other stockholders intervened and prayed for the same relief, did not aid the petition as to its sufficiency to withstand general demurrers filed by other defendants. Atlanta Carolina Railway Co. v. Carolina Portland Cement Co., 140 Ga. 650 (4) (79 S.E. 555); Pollard v. Blalock, 147 Ga. 406 (2) (94 S.E. 226); Elliot v. Macauley, 177 Ga. 96 (169 S.E. 358).
4. Under the foregoing principles, the court erred in overruling the general demurrers to the petition; and since this ruling rendered the further proceedings nugatory, it was consequent error to appoint a receiver.
Judgment reversed. All the Justices concur.
 No. 12973. NOVEMBER 29, 1939.
W. D. and Mrs. W. D. Bradley filed a petition in equity, naming as defendants the Collins and Glennville Railroad Company, a Georgia corporation, and J. D. Bradley, Frank (J. F.) Easterling, C. L. Cowart, Waldo Bradley, D. M. Bradley, and Miss Bessie Bradley, as directors of the defendant company. The petition alleged as follows: W. D. Bradley and the individual defendants named constituted the board of directors of the corporate defendant; and petitioners were minority stockholders owning 48 of the 330 shares of stock of the corporation. Said railroad was acquired about the year 1921 by D. M. Bradley, deceased, who operated it until the time of his death about fourteen years ago, and under his management and for several years thereafter it paid large dividends besides putting aside a considerable surplus. "But your petitioners *Page 357 
allege that for the last five years, on account of failure on the part of the management to aggressively make a bid for custom, the revenues of the railroad have not increased in keeping with the growing possibilities of the territory and interests served by the road, while the expenses have grown from year to year until they almost entirely consume the revenues, leaving nothing in the way of profits, and in addition the large amount of surplus, which amounted only a few years ago, as petitioners are informed and believe, to around $17,000, has almost entirely been consumed;" that this railroad as a whole and every part thereof is either producing a profit or with the right management would produce a profit; that a majority of the directors are in favor of discontinuing that portion of the railroad between Reidsville and Glennville, and have filed application with the Interstate Commerce Commission for authority to discontinue it; that a majority of the directors, including petitioners, joined in this movement without being fully informed as to the revenues and possibilities of the road under proper management, and are not now in favor of such move; that should this portion of the road be discontinued, it would result in great damage to the stockholders by causing the loss of the valuable contract for carrying the mail and other large revenue accruing from operating this portion of the road. "During the first campaign for the nomination as representative for said [Tattnall] county, made by the president of said railroad, he expended approximately $3000 of the funds of the railroad in furtherance of his campaign, all of which was permitted and allowed by a majority of the directors, and all of which was illegal and an unauthorized use of the stockholders' money." J. D. Bradley spent this sum of $3000 during the year 1934, but petitioners did not hear of such expenditure until some time thereafter. For lack of sufficient information, petitioners can not name the directors who permitted the use of such funds, but they have discussed the matter with D. M. Bradley, Waldo Bradley, and J. F. Easterling since the alleged spending of this money, and none of them denied knowing about the matter, and of course the defendant J. D. Bradley had knowledge thereof and consented thereto; that by reason of such directors, J. F. Easterling, Waldo Bradley, and D. M. Bradley discussing the use of this money, and the fact that they did admit knowledge of its being used, petitioners charge that they participated in agreeing to such illegal use of this money along with J. D. Bradley. *Page 358 
A majority of the directors of the defendant railroad admit that the management thereof is inefficient, and that the best interests of the stockholders demand that a change in the management be made, and have requested the resignation of the president, but upon his refusal to grant their request they refuse to use the authority vested in them to change the management. Such failure upon the part of the directors will result in great depreciation of the value of the railroad and continued loss in revenues and useless expenditures of its earnings. D. M. Bradley, Miss Bessie Bradley, J. F. Easterling, W. D. Bradley, and Waldo Bradley, of the directors, recognize that the management of the railroad should be changed, and that the expenses of operating the railroad could be greatly decreased and its income much increased by proper management, for various reasons stated. The failure of the directors to provide such management for the railroad as their best judgment dictates is a breach of the confidence reposed in them by the stockholders, is destructive to petitioners' property and property rights, and amounts to fraud. The present management has never given to the directors or stockholders a comprehensive statement showing in detail the operations of the business of the corporation, has never had an audit made of the books, although requested, has been employing men not needed, three of which have recently been dispensed with by direct action of the directors, which action the president opposed. Petitioners can not state with more particularity the defects in said management for the reason that this, of necessity, would require time and study and familiarity with the business, and petitioners have been wholly unable to get such needed facts although they have often requested such of the president. From lack of information they are unable to give in detail figures relative to the operations of the railroad over the term covered by the present management, but they attach to the petition skeleton statements of operations for the years 1937 and 1938. They have called for the information and figures suggested above, but have never been furnished with them by the president. Neither petitioners nor any of the directors are informed as to the detailed expenditures or receipts of the railroad over the period covered by the present management, and no audit of the period has ever been made, although petitioners have requested such audit for many years and have persistently demanded that such audit should be made. The president has consistently *Page 359 
refused to make or have such audit made, and the board of directors have failed and refused to force such audit. The board of directors is not functioning; the directors have not kept informed as to the management of the railroad, and have kept no control or direction over the president; and such failure is a violation of their fiduciary duties to petitioners and the other stockholders; that the interest of all stockholders in the corporation is suffering great injury by reason of the matters alleged, and will continue to suffer if permitted to remain in the hands of the present management. The petitioners pray (1) that a receiver should be appointed to take charge of the assets of the railroad company, and operate them under the direction of the court until such time as the court may be satisfied that safe and sound management will be provided by the board of directors; (2) that such receiver be directed to cause to be made an audit "of such portions of such periods, and especially the period of 1934 and 1935, of the operation of said railroad as the court may deem proper and necessary;" (3) that the directors participating in the illegal use of the $3000 alleged to have been used by J. D. Bradley in his political campaign be required to reimburse the corporation for this amount.
The corporation filed a general and special demurrer, and an answer denying generally the material allegations of the petition as to inefficient management and the necessity for a receiver. J. F. Easterling, J. D. Bradley, and C. L. Cowart jointly filed a general demurrer, and an answer adopting in effect the answer of the corporation. D. M. Bradley and Miss Bessie Bradley filed an answer in which they adopted the substantial allegations of the petition. The concluding paragraph of the answer was, "Defendants show that they have therefore reached the conclusion that it is necessary for the preservation of the railroad that the court appoint its own receiver to operate the same under the direction of the court, and thus preserve the railroad from destruction." Waldo Bradley filed no pleading. Courtenay Bradley in her own behalf, and Bill Bradley by his father and next friend, W. D. Bradley, filed an intervention, alleging they were stockholders in the defendant corporation, adopting the petition as their own, and praying that the prayers of the petition be granted. Upon interlocutory hearing the court overruled all demurrers to the petition, and appointed a receiver. Error was assigned on these rulings by the railroad company, J. D. Bradley, J. F. Easterling, and C. L. Cowart. *Page 360