PEEPLES *et al.* *v.* SOUTHERN CHEMICAL CORPORATION *et al.*

No. 14221.   JULY 15, 1942.   REHEARING DENIED JULY 27, 1942.

*Scott, Dunaway, Riley & Wiggins,* for plaintiffs.

*Paul W. Hughes, Alton T. Milam,* and *R. Low Reynolds,* for defendants.

DUCKWORTH, Justice. "So long as the majority of stockholders confine themselves within the charter powers, a court of equity will

require a strong case of mismanagement or fraud before it will interfere with the internal management of affairs of a corporation." Code, § 22-710. The majority have a right to manage these affairs as they wish, so long as they keep within their charter and act in good faith. Equity will not interfere to prevent unwise or improvident acts or policies. *Hand* v. *Dexter,* 41 *Ga.* 454. The conditions upon which equity will interfere in behalf of a minority stockholder are set forth in the Code, § 22-711; and while it is there said that a minority stockholder may proceed in equity for himself and other stockholders for fraud or acts ultra vires against the corporation, its officers, and those participating therein, when the stockholders are injured thereby, it is further stated that to do this *there must be shown* (1) completed or threatened action of the directors beyond charter powers; or, (2) such fraudulent transaction completed or threatened, among themselves or stockholders or others, as will result in serious injury to the company or other stockholders; or (3) that a majority of the directors are acting in their own interest in a manner destructive of the company, or of the rights of the other stockholders; or, (4) that the majority stockholders are oppressively and illegally pursuing, in the name of the corporation, a course in violation of the rights of the stockholders, which can only be restrained by a court of equity; *and it must also appear* (5) that petitioner has acted promptly, that he has made an earnest effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or why it was not reasonable to require it; and (6) that petitioner was a stockholder at the time of the transaction of which he complains, or that his shares had since devolved on him by operation of law. We have restated the terms and conditions set forth in the Code which must be met as a condition precedent to the prosecution by a minority stockholder of a suit in equity, in order to emphasize the inescapable requirements of the law in such cases.

In *Colquitt* v. *Howard,* 11 *Ga.* 556 (3), after recognizing that corporations are amenable to the courts generally for the misuser or nonuser of their franchise, and that persons in the exercise of the corporate powers may, in their character as trustees, be accountable to a court of chancery for a fraudulent breach of trust, it was said: "If then, the directors of this, or any corporation, should refuse to prosecute, by collusion with those who had made them-

selves answerable by negligence or fraud, or if the corporation is still under the control of those who must be made defendants in the suit, the stockholders (or any one of them for himself and the others) who are the real parties in interest, may file a bill in their own names. In such a case, the averments in the bill should clearly and distinctly give jurisdiction, for equity interferes with great caution with the common-law jurisdiction over corporations." Under that decision, failure of the directors to sue, standing alone, is not sufficient, but this failure must be due to collusion of the directors with those who have made themselves answerable, or, if the corporation is still under the control of the directors or others who must be made defendants, a minority stockholder, for himself and others, may maintain a suit in equity, but in that event the averments in the petition must clearly and distinctly give jurisdiction; for equity interferes with great caution with common-law jurisdiction over corporations. In *Hand* v. *Dexter*, supra, it was said: "If the majority of this corporation are, in fact, managing the affairs in the interests of Hand, let the minority appear at the annual meeting, or call one, according to the by-laws, and demand that the true state of the company and its affairs be presented to the meeting. If this be refused, or if, on examination, anything rotten appears, the presumption is that right will be done. If not, let all the facts—not guesses and suspicions—be presented to the chancellor. As it is, the court is groping in the dark, under mere general charges, and is just as apt to do wrong as right in entertaining jurisdiction of the bill. For these reasons we think the bill is demurrable and ought to have been dismissed." It is the duty of a minority stockholder to seek protection within the corporation, and whatever complaint he may have he will not be allowed to assert it in a court of equity unless his petition shows that he has made an earnest effort within the corporation, or shows why this could not be done, or that it would not be reasonable to require him to make such effort. The amended petition shows that the defendant corporation had directors, and nothing appears to show that such directors and stockholders were incompetent, unwilling to act for the protection of the corporate interests, or had knowledge of any of the facts of which the petition complains. If the directors, acting in good faith, thought that there was no basis of fact supporting the complaints made in the present peti-

tion, or if for other reasons it was in their judgment in the interest of the corporation that no suit be filed, a minority stockholder would not be authorized to maintain an action in his own name, without first having made an earnest effort to get the directors and stockholders to bring such action. In *Bush* v. *Bonner*, 156 *Ga.* 143, 149 (118 S. E. 658), it was said: "The mere failure or refusal of the directors of a corporation to bring a suit does not give the right to do so to minority stockholders. The wisdom and expediency of a suit by a corporation must be left to the discretion of the directors. They may believe that a suit would not be productive, or that a satisfactory settlement can be secured, or that the publicity of a suit would be damaging to the future interest of the corporation. As said in the *Albright* case, supra [151 *Ga.* 485 (107 S. E. 335)], 'they necessarily have a large discretion in that matter.' 'In order for a minority stockholder to maintain an action of this character, it is imperative that fraud and complicity on the part of the directors must be shown. Even conversion of the property of the corporation by a third person gives no right of action to the stockholders, in the absence of an allegation of fraud or collusion on the part of the directors.' " In *Steele Lumber Co.* v. *Laurens Lumber Co.*, 98 *Ga.* 329 (24 S. E. 755), this court held that the corporation itself was a proper party to prosecute an action against a third party for fraud, cancellation, and damages for a conversion of the corporation's assets. In that case two stockholders joined the corporation in bringing the action; but it was held that these stockholders were improper parties, and might be disregarded in granting relief to the corporation. Who shall be allowed to invoke legal process in behalf of a corporation, the directors who are free from fault and who were chosen and empowered to act for the corporation, or the minority stockholder, who wishes to substitute his own judgment for that of such directors? To this question the statutes and decisions emphatically answer, the directors. On the right of a minority stockholder to sue in equity, see generally *Nussbaum* v. *Nussbaum*, 186 *Ga.* 773 (199 S. E. 169); *Nussbaum* v. *Nussbaum*, 188 *Ga.* 224 (3 S. E. 2d, 721); *Collins & Glennville Railroad Co.* v. *Bradley*, 189 *Ga.* 355 (5 S. E. 2d, 915).

Recognizing the rule requiring a minority stockholder to make an earnest effort to obtain redress at the hands of the directors

and stockholders, as contained in subsection 5 of § 22-711, the petitioners claim the right to maintain this suit by virtue of the alternative therein, to wit, it was unreasonable to require it. The requirements there stated can not be avoided by such a general assertion of the petitioners' opinion or conclusion. They have the burden of making it appear by averments in the petition that they have made the required efforts to obtain redress within the corporation, or showing by averments of specific facts why this could not be done, or that it was unreasonable to require it to be done. The petitioners stand upon the single statement that, under the circumstances, seeking redress at the hands of the directors or stockholders would have been impracticable and useless. This is not sufficient. Without deciding whether the averments of the petition meet the conditions required under either subsection 1, 2, 3, or 4 of the Code, § 22-711, but assuming for the present that the petition is sufficient in that respect, there is nothing alleged to show why appeal to the directors and stockholders could not have been made in this case. Therefore subsection 5 is not satisfied. If all of the allegations of the petition are true, and knowledge of such facts had been brought to the directors and stockholders, nothing to the contrary appearing, it will be presumed that they would have acted just as promptly as petitioners in providing adequate measures to conserve the assets and protect the interests of the corporation. The petition by minority stockholders was not maintainable, and the judge did not err in dismissing the action. *Judgment affirmed. All the Justices concur.*