## COLLIER *v.* MAYFLOWER APARTMENTS INC. *et al.*

420

No. 14566.   JULY 8, 1943.

*W. L. Bryan,* for plaintiff. *Haas, Gardner, Lyons & Hurl* and *Mitchell & Mitchell,* for defendants.

GRICE, Justice. ■ The demurrers do not invoke a ruling as to whether the petition is defective on account of duplicity in that the alleged cause of action against Mayflower Apartments Inc. and H. A. Minor is distinct from the one against the other defendants. While at common law, and under the decision in *Governor* v. *Hicks,* 12 *Ga.* 189, misjoinder of distinct causes of action was good reason for dismissing the case on general demurrer, the later holdings are

to the effect that since that decision such radical changes have been brought about by the legislature in the practice and procedure of this State that misjoinder of causes of action between separate and distinct parties would be ground only for special demurrer. *Georgia Railroad & Banking Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. C. 200) ; *Johns* v. *Nix,* 196 *Ga.* 417 (26 S. E. 2d, 526), and cit.

■ Passing over other considerations which were raised by general demurrer, we are of the opinion that the case as to Mayflower Apartments Inc. and H. A. Minor was properly dismissed on the ground that the petition as amended fails to set forth sufficient facts entitling Collier to any of the relief sought as against these two defendants or either of them. As a minority stockholder of Anjaco Inc., he brings this suit under the Code, § 22-711. It is predicated on the theory that Anjaco Inc. has a right of action which its directors will not enforce, and therefore Collier brings the action in behalf of the corporation. His right to sue is derivative in character. The wrong, if any, was done to the corporation. *Greenwood* v. *Greenblatt,* 173 *Ga.* 551 (161 S. E. 135). If under the facts as set forth Anjaco Inc. has no case against Mayflower Inc., there is no right which the plaintiff can assert as against Mayflower. The fact that Anjaco has refused to bring suit does not create a cause of action in Collier, the minority stockholder. With respect to this controlling question, the allegations of the amended petition, when examined, show that if this were a suit solely between Anjaco Inc. and Mayflower Apartments Inc., the former could not recover.

The amended petition shows that the stockholders and directors of Anjaco, over the repeated protests of petitioner, settled for $12,-500 a debt of $19,912 which Mayflower, a solvent debtor, owed to it; that the president of Anjaco, in consideration of the payment of the $12,500, executed a cancellation of the mortgage or security deed given by Mayflower to Anjaco to secure its indebtedness of $19,912, which cancellation was ratified at a corporate meeting of the stockholders of Anjaco. Here we have an executed agreement; the payment of money by the debtor to the creditor; the acceptance of the same in settlement of the debt, the cancellation of the security given therefor; and all done openly. In the Code, § 20-1204, is following language: "An agreement by a creditor to receive less than the amount of his debt can not be pleaded as an accord and

satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." The settlement was binding on the parties. *Tarver* v. *Rankin, 3 Ga.* 210; *Brown* v. *Ayer,* 24 *Ga.* 288. It was an accord and satisfaction. *Tyler Cotton-Press Co.* v. *Chevalier,* 56 *Ga.* 494; *Pennsylvania Casualty Co.* v. *Thompson,* 130 *Ga.* 766 (61 S. E. 829); *Burgamy* v. *Holton,* 165 *Ga.* 384 (141 S. E. 42).

The judge did not err in dismissing the case as to Mayflower Apartments Inc., and its president, H. A. Minor.

■ The case against the remaining defendants was different. They were four of the five stockholders and directors of the corporation known as Anjaco Inc., the plaintiff being the fifth one. The prayer is that if the court determine that the relief prayed for against Mayflower Apartments can not be granted, then judgment be entered in favor of Anjaco Inc. against the other defendants for the amount of the difference between the $12,500 paid by Mayflower Apartments Inc. and the face value of the notes which Mayflower executed to Anjaco.

The charter of Anjaco Inc. is not set forth, and the petition merely shows that it was granted by the superior court, all the stock in which was subscribed for and owned by the heirs at law of Mrs. Amanda H. Collier, and that the corporation is used and employed for the purpose of holding title to the properties formerly owned by Mrs. Collier, but later held by her five heirs at law, who own an equal number of shares in the corporation. Anjaco was the creditor of Mayflower, in a sum which with interest totals $19,-912.50, and took from its debtor a security deed. It is alleged, that Mayflower is a solvent corporation and able to pay its said indebtedness in full; that plaintiff on a number of occasions, at regular meetings of the corporation, called attention of the directors, who were also the stockholders of the corporation, to the fact that Mayflower's notes were long since due, and that it was solvent, and requested that they be collected; that the directors refused to take action towards the collection of the notes, and stated that they would rather give the notes to Mrs. Annie Lou Minor than to press the collection. Mrs. Minor is one of the directors of Anjaco and its secretary, and is secretary and treasurer of Mayflower Apartments Inc., and is the wife of H. A. Minor, its president. The petition

also contains the allegation that petitioner negotiated with certain holders of preferred stock in Mayflower, and secured from them a commitment to the effect that they were ready to pay off the aforesaid indebtedness, provided only that they should receive a proper cancellation, and petitioner so informed counsel for the other directors; that petitioners' attorney more than once wrote to their attorney, giving him a like assurance; that notwithstanding this, the other directors permitted the president of Anjaco to cancel the security deed Mayflower had given to it, upon receipt from it of $12,500, instead of the $19,912.50 which Mayflower owed, which act was formally approved by all of the directors except petitioner. The petition in effect says that this was a diversion of funds belonging to Anjaco; was an attempt to give away a perfectly valid asset of Anjaco to one of its directors, to the injury and damage of the corporation. A further allegation is that petitioner has made an earnest effort to obtain redress at the hands of the directors and stockholders in meeting assembled, and caused his attorney to make a personal demand on the attorney for the directors, all during the time when petitioner was a stockholder of the corporation.

If the petition speaks the whole truth—and this is to be presumed on demurrer,—the four defendants who were the directors of Anjaco Inc. were guilty of maladministration, to the injury of the corporation. Compare *Galloway* v. *Mitchell County Electric Corporation*, 190 *Ga.* 428 (5) (9 S. E. 2d, 903). Under the allegations it was an act of maladministration to accept from Mayflower, a solvent corporation, a considerably less sum than the debt. The case as it is pleaded is not one where the directors exercised their discretion in settling a doubtful claim. According to the petition, Anjaco could have obtained the entire amount due. The refusal of petitioner's repeated requests to the directors was not put upon the ground that the notes were not collectible, or that Mayflower was insolvent or of doubtful solvency, or that it would not be for the best interest of Anjaco Inc. to be passive, nor did they give any other reason why they did not proceed to collect them, except a statement that they would rather give them to Mrs. Annie Lou Minor than press the notes for collection. It does not appear that Mayflower ever disputed the amount, the justice, or the legality of the debt. In the face of an allegation that the Mayflower Inc. had on hand $25,000 available for the purpose of satisfying in full

Anjaco's debt, the directors settled it for a substantially less sum; and there being nothing on the face of the petition to negative the clear implication, the reasonable deduction, and the natural inference to be drawn from such an allegation, or otherwise to explain away the above recited facts, or to extract therefrom the natural conclusion that in so acting the directors were guilty of positive maladministration, which amounted to no less than actual fraud, it must be held that the petition, so construed, alleged a cause of action against the directors who were made defendants. In so holding, we give full recognition to the doctrine that the internal management of a corporation will not be interfered with by the court, at the instance of a minority stockholder, unless the majority stockholders are acting without the charter powers, or a strong case of mismanagement or fraud is shown. *Bartow Lumber Co.* v. *Enwright,* 131 *Ga.* 329 (62 S. E. 233); *Bush* v. *Bonner,* 156 *Ga.* 143 (118 S. E. 658).

A demurrer is addressed to what is alleged. *Gunby* v. *Turner,* 194 *Ga.* 378 (21 S. E. 2d, 640). If the fact be that the directors did not in fact arbitrarily and wantonly give away a substantial asset of Anjaco, but on the contrary settled this indebtedness in good faith, in the exercise of their judgment and discretion and for what they believed to be for the best interest of Anjaco, all things considered, or if there be other reasons why they are not liable, which are not disclosed by the petition, these are defenses which can not be reached by demurrer, but which may be raised by plea or answer, or, as the old lawyers used to describe it, by going to the country. Whether the directors may be held liable for mere negligence or gross negligence, or what may be the standard of liability in such case, is not a question presented by this record; for the petition alleged in effect that these directors were guilty of arbitrary and wanton misuse of corporate assets, for which we are satisfied they may be held liable.

It is urged that the plaintiff's case, brought as a minority stockholder's suit under the Code, § 22-711, was properly dismissed, because it does not appear, as required by subsection 5 of that section, that he made an earnest effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or it was not reasonable to require it. Addressing ourselves to that part of the petition which seeks a judgment against the directors,

it has already been noted that on different occasions, at the regular corporate meetings, he called the attention of the directors and stockholders to the fact that the notes given by Mayflower were long past due, that Mayflower was solvent, that the notes were collectible, and made request that they proceed to collect them; that the directors and stockholders refused to take any action towards collecting these notes, and stated that they would rather give them to Mrs. Minor than to press them for collection. This, however, is not a statement that he called on the directors and stockholders to have the corporation sue themselves for dissipating certain credits of Anjaco Inc., to wit, the basis of the present suit, so far as it concerns them. Do not the facts show why he should not be expected to call on them further? Would it not be unreasonable to require the plaintiff, as a condition precedent to his right to bring this suit against the directors, first to call upon the directors to sue themselves? Is it reasonable to suppose that as directors and stockholders they would have had the corporation to sue them? Is it not asking too much of frail human nature to request that such a suit be brought at their instance as directors and stockholders seeking in behalf of the corporation a judgment which would go against them individually? Is it contemplated by the language of the Code, § 22-711 (5), that a minority stockholder, when the action is to be against the directors and stockholders themselves, is first required to call on them to have the suit brought against them in the corporate name? Suppose he should make such a request of the directors, and they were to comply with it? There would be the anomaly of a suit in the name of the corporation as plaintiff, but brought by the directors against themselves. The instant suit against those who were the directors should not fail merely because the minority stockholder did not call on them to bring the suit. Such a requirement would be unreasonable, not only because of the considerations suggested above, but for the further reason that the defendants own four fifths of the stock and comprise four out of five directors. Compare *Colquitt* v. *Howard*, 11 *Ga.* 556(11). The case of *Collins & Glennville R. Co.* v. *Bradley*, 189 *Ga.* 355 (5 S. E. 2d, 915), is distinguished on its facts. There the prayer that certain of the directors be required to reimburse the corporation for certain moneys illegally spent may be said to have been a mere incident in a suit by minority stockholders to place a railroad in

the hands of a receiver, where it had not been shown that an earnest effort had been made to obtain redress at the hands of the directors and stockholders. It was not, as here, shown that there were no stockholders other than those who were the directors, and no reason at all appeared to excuse complainants from seeking redress at the hands of the stockholders. In *Peeples* v. *Southern Chemical Corporation,* 194 *Ga.* 388 (21 S. .E. 2d, 698), it was pointed out that it did not appear that the directors and stockholders had any knowledge of any of the facts of which the petition complained. There is nothing in either case that conflicts with what we here decide. The court erred in sustaining the general demurrer and dismissing the action as to Thomas J. Collier, Meredith Collier, Annie Lou Minor, and Mary Lena Martin.

*Judgment affirmed in part and reversed in part. All the Justices concur.*