MOUNTAIN MANOR COMPANY *et al. v.* GREENOE *et al.*

No. 16713. JULY 14, 1949.

*Carlton W. Binns* and *Grant, Wiggins, Grizzard & Smith,* for plaintiffs in error.

*Hewlett & Dennis, Charles S. Barton,* and *T. F. Bowden,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ It is urged that the petitioners' case, brought as a minority stock-

holders' suit under the Code, § 22-711, should have been dismissed on general demurrer because it does not affirmatively appear therefrom that the conditions precedent to equitable relief, as required by subsection 5, were complied with. Since no other grounds of the general demurrer are insisted upon by counsel for the plaintiffs in error, the opinion will be limited to a consideration of this attack.

The Code, § 22-711, declares that "A minority stockholder may proceed in equity in behalf of himself and other stockholders for fraud or acts ultra vires against a corporation, its officers and those participating therein, when he and they are injured thereby. But there must be shown. . . 5. That petitioner has acted promptly; that he made an earnest effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or it was not reasonable to require it."

Did the petitioners, after learning of the alleged fraudulent conveyance of the corporation's real-estate holdings, act with the promptitude contemplated by this section of the Code? It was alleged that the conveyance was made to Needham B. Bateman on August 25, 1947, pursuant to a resolution adopted by the board of directors as a result of "false and fraudulent statements made to the board of directors by the said Bateman"; that the petitioners first learned of the alleged fraudulent sale on April 30, 1948, at the annual meeting of the stockholders, at which time they voiced an objection and demanded an explanation; that on August 13, 1948, the petitioners, by letter, requested the board of directors and the president of the corporation to call a special meeting of stockholders so that a resolution calling for the reconveyance of the property to the corporation by Bateman might be introduced. It is contended that the delay of three and one-half months in calling on the directors and president of the corporation for redress constituted laches and therefore bars them of the right, as minority stockholders, to invoke the aid of equity. In *Bridges* v. *Southern Bell Telephone Co.*, 136 *Ga.* 251, 254 (71 S. E. 161), this court held: "If a minority stockholder postpones his complaint that the corporate act is ultra vires or irregular for an unreasonable time, or, after full knowledge of the facts, stands by and allows large operations to be completed or money expended, before he brings suit, his

laches and acquiescence bar him of any right to equitable relief with respect thereto. *Alexander* v. *Searcy*, 81 *Ga.* 536 (8 S. E. 630)." And in 21 C. J. 217, § 217, the rule is stated as follows: "There is no absolute rule as to what constitutes laches or staleness of demand, and no one decision constitutes a precedent in the strict sense for another. Each case is to be determined according to its own particular circumstances. In other words, the question of laches is addressed to the sound discretion of the chancellor, and his decision will not be disturbed on appeal unless it is so clearly wrong as to amount to an abuse of discretion." See also 30 C. J. S. 528, § 115; *Equitable Building & Loan Assn.* v. *Brady*, 171 *Ga.* 576, 584 (156 S. E. 222). As applied to the allegations of the petition in the instant case, it cannot be held as a matter of law that the petitioners failed to act with such promptness as the law requires, or that they were, on account of lack of diligence, estopped from bringing the suit.

■ Concerning an effort on the part of the minority stockholders to obtain redress at the hands of the directors, it was alleged that the members of the board of directors were all present at the annual meeting of the stockholders held on April 30, 1948, at which time they were informed of Bateman's fraud and misrepresentations which resulted in the adoption of the resolution authorizing the conveyance to Bateman; that at that meeting the petitioners demanded the reason why they had not been notified that the real estate was to be sold or had been sold, but received no explanation; that the bylaws of the corporation provide that a special meeting of the stockholders can only be called by the president, or upon written request of two directors; that the petitioners did, in writing, request the board of directors, they being the majority stockholders, and the president, to call a special meeting of the stockholders so that a resolution calling for a reconveyance of the property to the corporation by Bateman, might be introduced; that the petitioners later received a letter from Bateman in which he stated that the board of directors had considered the request and had instructed him not to call the special stockholders' meeting. What more should the minority stockholders be required to do toward obtaining redress at the hands of the directors? All the members of the board of directors were informed of the alleged fraud and misrepresenta-

tions at the annual meeting and then refused to give an explanation of the sale. Again they refused to redress the alleged injury by refusing to call a special meeting of the stockholders. It would be unreasonable, under the circumstances, to require the minority stockholders to call on the board of directors to bring suit against the corporation and themselves, or to do more than they have already done toward obtaining redress from the board of directors.

Concerning an effort to obtain redress at the hands of the stockholders, it was alleged in the petition "that the defendants. as officers and directors of said corporation exercise a controlling influence over a majority of the stockholders." See *Peoples Bank of Richland* v. *Southern Investment Co.*, 164 *Ga.* 31 (137 S. E. 547); *Nussbaum* v. *Nussbaum*, 186 *Ga.* 773 (199 S. E. 169); *Peeples* v. *Peeples*, 193 *Ga.* 358, 366 (18 S. E. 2d, 629).

Under these circumstances, the petitioners have done all that the law requires toward obtaining redress from the directors and stockholders, and the court did not err in overruling the general demurrer which attacked the petition for failure to comply with this condition precedent.

■ The grounds of special demurrer which were not expressly abandoned in the brief for the plaintiff in error, and which attacked certain allegations of the petition as being irrelevant and. immaterial and as being mere conclusions of the pleader, have: been carefully examined and are without merit.

*Judgment affirmed. All the Justices concur.*