19429. HARRIS *v.* EAGLE-BRIDGES CO., INC., *et al.*

ARGUED JULY 10, 1956—DECIDED SEPTEMBER 7, 1956.

*Zachary & Hunter, W. E. Zachary, John C. Hunter,* for plaintiff in error.

*John Wesley Weekes, Weekes & Candler,* contra.

HEAD, Justice. But one question is before this court for determination. Did the trial judge err in his rulings on the general demurrers, based on the requirements of Code § 22-711 (5)? The petition nowhere alleges any effort to obtain redress at the hands of the directors or stockholders, nor does it allege that redress could not have been had by action of the directors or stockholders. The plaintiff does allege that, under the circumstances set forth in the petition, it was not reasonable to require him to seek such redress, and he relies strongly upon the case of *Collier* v. *Mayflower Apartments*, 196 *Ga.* 419, 427 (26 S. E. 2d 731). In the *Collier* case the plaintiff on different occasions, at the regular corporate meetings, called the attention of the directors and stockholders "to the fact that the notes given by Mayflower were long past due, that Mayflower was solvent, that the notes were collectible, and made request that they proceed to collect them; . . . the directors and stockholders refused to take any action towards collecting these notes, and stated that they would rather give them to Mrs. Minor than to press them for collection." It was held that the plaintiff would not be expected to call upon them further, since it would be unreasonable to require him, as a condition precedent to the right to maintain his action, to first call on the directors to sue themselves.

In the present case, the plaintiff did not bring to the attention of the directors or stockholders the alleged wrongful acts of the president, nor is it made to appear that the directors or stockholders had any knowledge of such acts. A plaintiff can not escape the duty of seeking redress by application to the directors and stockholders based upon the bare allegation that it is not reasonable to require him to do so. He can not just assume that redress at the hands of the directors and stockholders of a corporation can not be obtained.

The plaintiff having failed to allege any effort to obtain redress from the directors and stockholders, the trial judge properly sustained the general demurrers. See *Alexander* v. *Searcy*, 81 *Ga.* 536 (8 S. E. 630, 12 Am. St. R. 337); *Collins & Glennville R. Co.* v. *Bradley*, 189 *Ga.* 355 (5 S. E. 2d 915); *Loxair Corporation* v. *Biscoe*, 192 *Ga.* 357 (15 S. E. 2d 438); *Peeples* v. *Peeples*, 193 *Ga.* 358 (18 S. E. 2d 629); *Peeples* v. *Southern Chemical Corp.*, 194 *Ga.* 388 (21 S. E. 2d 698).

*Judgment affirmed. All the Justices concur.*