21837, 21838.  LAYTON et al. v. BONEY et al.;
and vice versa.

ARGUED NOVEMBER 13, 1962—DECIDED DECEMBER 3, 1962—
REHEARING DENIED DECEMBER 14, 1962.

*J. Neely Peacock, Jr.,* for plaintiff in error.

*Smith, Gardner, Kelley & Wiggins, Asa D. Kelley,* contra.

DUCKWORTH, Chief Justice. Compliance with the terms of *Code* § 22-711 (5) is an indispensable prerequisite to the maintenance of a suit in equity by minority stockholders. *Peeples v. Southern Chemical Corp.,* 194 Ga. 388 (21 SE2d 698). This rule has been repeatedly applied and explained by this court, and there is now no excuse for a failure to conform to it. To recite numerous acts of misconduct irrespective of how evil they may be, will in no degree enable one to obtain relief in equity without having first met the requirement of the statute which is: seek relief within the corporation, or allege facts to show it could not be done, or that it would be unreasonable to require it.

The present petitioners make no claim that they sought relief within the corporation. They claim the right to maintain this suit solely because it is unreasonable to require them to do so. To make this showing they rely upon such general allegations that the president has exercised absolute control over the directors, that they are guilty of ultra vires acts, and the directors colluded and conspired with the president to convert corporate assets to their personal use; that they have been denied the right to see the records and thus learn who are stockholders. It is obvious that such allegations fail to show that a majority of the stockholders could not and would not vote if called upon to correct every evil alleged. The admission that the petitioners were unable to learn the names of stockholders is a showing that petitioners do not know that they could not get full relief at the hands of the stockholders and have made no attempt to get such relief. Indeed the petition does not allege that a majority of the directors have been guilty of any specific act of wrongdoing. It is merely alleged that the directors colluded and conspired with the president in his alleged wrongdoing. This utterly fails to show that an appeal to the directors to stop the president's misconduct could not have been made, or that it would have been unreasonable to require such an appeal to the directors. For all that appears, they would have either prevented such acts or discharged the president and thus afforded these petitioners complete relief.

Because of the failure to seek relief within the corporation, the petition alleges no grounds for equitable relief, and the court erred in overruling the general demurrers. The hearing and judgment thereafter is nugatory.

*Judgment reversed on the cross-bill of exceptions; main bill dismissed. All the Justices concur.*