### 11117. HINES, director-general, *v.* WALLACE.

1. The evidence authorized a recovery for the loss of the trunk sent by the plaintiff to the railroad-station and left there at the baggage-room of the terminal company with a person employed by it in the checking of baggage, who accepted the trunk for temporary storage, although no baggage or claim-check was given for it and no railroad-ticket was presented with it, and although the employee who accepted it may not have been authorized to do so where no such check was given or ticket presented, it not appearing that the plaintiff or the person who delivered the trunk for her knew of such a limitation upon the employee's authority.

(a) Private instructions or limitations not known to persons dealing with an agent who assumes to act within the apparent scope of his authority cannot affect them.

2. The rules of the interstate-commerce commission were properly rejected as evidence.

DECIDED JUNE 15, 1920.

Certiorari; from Fulton superior court — Judge Pendleton. September 26, 1919.

The plaintiff, intending to make a railroad trip on the following day from the Terminal Station in Atlanta to Montgomery, Alabama, sent her trunk to the station by a truckman, who, according to his testimony, left it there inside the door of the place where trunks were received at the baggage-room of the Atlanta Terminal Company, with an employee in the office of the checkroom that leads to the baggage-room, who accepted the trunk for

storage until the plaintiff should call for it. There was no one in the office but this employee. No baggage or claim-check was given for it, and the plaintiff had not obtained a railroad-ticket. When she called for the trunk the next day it could not be found, and it was not subsequently found. Mrs. Ramsden, the employee mentioned above, denied that she accepted the trunk; and it was testified in behalf of the defendant that neither this employee nor any one else at the station was authorized to receive baggage and hold it without the issuance of a claim-check; that she was employed as a checking clerk, to issue checks for baggage on transportation tickets and claim-checks of passengers going out on trains; that it was not her duty to issue claim-checks, but where a passenger or the passenger's representative wished to leave baggage in the station to be checked out later on a train, an employee at the baggage-room would issue a claim-check for it. The defendant introduced in evidence a rule of the railroad commission of Georgia, as follows: "Rule 4. All railroads, depots, or terminal companies in this State shall receive at all stations where they have agents all baggage proper for transportation presented by prospective passengers or their agents, and issue on demand a claim-check for the same; and upon presentation by holder of such claim-check with transportation, said company shall issue train-checks." This rule was immediately followed by the statement that "These rules are applicable only to passengers on railroad-trains." It was testified that it was "the policy of the Terminal Station to observe that rule;" there was no other written rule with reference to how it should be carried out; it was "just done by instructions to the force." The truckman testified that this trunk was the only one he had ever carried to the Atlanta Terminal Station, and that he "never thought that if you carry a trunk there not to be checked right away, you have to get a claim-check for it;" but "if I had stopped to think about it I knew that if I did not check a trunk right away, I ought to get a claim-check; I knew that, but did not think about it on that occasion."

*Brewster, Howell & Heyman, Hugh Howell,* for plaintiff in error.

*Horace Russell, Watkins, Harwell & Watkins,* contra.

BLOODWORTH, J. Suit for damages on account of the loss of a trunk, alleged to have been turned over by the plaintiff to the

Atlanta Terminal Company, was filed in the municipal court of Atlanta against Walker D. Hines, director-general of railroads, operating that company. Judgment was rendered in favor of the plaintiff, certiorari was overruled by the judge of the superior court, and the case was brought to this court. It appears from the record that the truckman who as agent of the plaintiff delivered the trunk to the terminal company did not demand a baggage or claim-check, and that one Mrs. Ramsden, an employee and agent of the terminal company, who was in the office of the check-room that leads to the baggage-room, accepted the trunk without issuing a claim-check or a check of any kind for it, and that the trunk was pointed out to her by the truckman before she accepted it for temporary storage.

1. Under all the facts of the case the truckman had a right to assume that this employee and agent of the terminal company, in this particular office, the office being open for business and she being the only one there, had a right to accept the trunk in behalf of the company; and this assumption was strengthened by the fact that the said employee did, according to the evidence, actually accept the trunk, thereby implying that she had authority to do so. The party so accepting the trunk was an agent of and was placed in this position by the company. "If one or two innocent parties must suffer by the act of a third party, he who put it in the power of such third party to do the wrongful act must suffer the loss, rather than the other innocent party who would be a victim without any fault on his part." *Blaisdell* v. *Bohr,* 77 *Ga.* 381 (*b*); Civil Code (1910), § 4537. "Private instructions or limitations not known to persons dealing with an agent who assumes to act within the apparent scope of his authority cannot affect them." *Hutson* v. *Prudential Insurance Co.,* 122 *Ga.* 850 (50 S. E. 1000). See, in this connection, *Coskery* v. *Nagle,* 83 *Ga.* 696, 699 (10 S. E. 491, 6 L. R. A. 483, 20 Am. St. R. 333); Civil Code (1910), § 3595.

2. Certain rules of the interstate-commerce commission pertaining to handling baggage were tendered in evidence by the defendant and were rejected by the trial court. Granting that there was a sufficient assignment of error relative to the ruling on this evidence, no error was committed in rejecting it.

3. There is ample evidence to support the judgment of the

municipal court, the judge of the superior court did not err in overruling the certiorari, and the judgment is

> *Affirmed. Broyles, C. J., and Luke, J., concur.*