SMITH *v.* ALBRIGHT-ENGLAND COMPANY *et al.*

HILL, J. The exception is to an order of the court, dated December 10, 1929, sustaining the demurrers filed to the petition. The order is as follows: "Paragraphs 3 to 18, inclusive, of the demurrers of each of

the defendants are sustained, and paragraphs 4 to 11, inclusive, of the petition are stricken. 2. Paragraphs 19 to 28, inclusive, of the demurrers of each of the defendants are sustained, with leave to amend within 20 days, in default of which said petition stands dismissed. 3. The other paragraphs of the demurrers are not passed upon at this time. If plaintiff should file an amendment, with appropriate prayers, as herein permitted, the other grounds of the demurrers, with such additional grounds as the defendants may see fit to urge, will then be passed upon in the light of the petition as amended." Exceptions pendente lite to this order were filed. A formal order was passed on December 31, 1929, reciting: "It appearing to the court that twenty days have elapsed since the within order sustaining the demurrer was passed, and no amendment has been filed as required therein, it is hereby ordered and adjudged that said case be and the same is dismissed, and restraining order issued in said case is dissolved, with costs against plaintiff." No exception was taken to this order. To the order of December 10, 1929, sustaining the demurrers, the plaintiff in error excepted on January 30, 1930, and assigned the same as error upon the ground that the same was contrary to law.

1. Under former rulings of this court, where the order sustaining the demurrer allowed a definite time within which an amendment might be filed, and provided that "in default of which said petition stands dismissed," if no amendment was filed the suit was automatically dismissed. *Clark* v. *Ganson*, 144 *Ga.* 544 (87 S. E. 670), and cit. The motion to dismiss the bill of exceptions on the ground that there is no exception to a final judgment is without merit.

2. It has also been held that where exceptions pendente lite are filed by the plaintiff in error in the court below to the order overruling demurrers, they can not be considered by the Supreme Court where no error is assigned thereon in the main bill of exceptions or in this court on a separate assignment of error before argument. *Kennedy* v. *Walker*, 156 *Ga.* 711 (120 S. E. 105). The plaintiff in error here merely specified the exceptions pendente lite as a part of the record material to a clear understanding of the errors complained of.

3. Where a minority stockholder in a corporation files an equitable petition against the corporation and the individual members thereof, who are majority stockholders, for appointment of a receiver, for audit of the books of the corporation, for dissolution of the corporation and settlement of its affairs, and that the defendants be enjoined from altering the status of the business of the corporation, the internal management of the corporation will not be interfered with by the court at the instance of a minority stockholder unless the majority stockholders are acting without the charter powers, or a strong case of mismanagement or fraud is shown. *Bartow Lumber Co.* v. *Enwright*, 131 *Ga.* 329 (62 S. E. 233). And see Civil Code (1910), § 2224. No such facts are alleged in the petition as would authorize a court of equity to intervene in the instant case.

4. The court did not err in sustaining the demurrers to the petition.

*Judgment affirmed. All the Justices concur.*

No. 7680. December 10, 1930.

*Hoke Smith* and *Spence & Spence,* for plaintiff.
*A. S. Grove,* for defendants.