BRANAN *et al. v.* THE HOLDING COMMISSION.

No. 11617.   JANUARY 15, 1937.

*Charles H. Garrett* and *Grice & Grice,* for plaintiffs.

*Martin, Martin & Snow,* for defendant.

BECK, Presiding Justice.   An equitable petition for accounting and injunction was filed in March, 1936, by Frank Branan, Mrs. Helen A. Branan, and others against The Holding Commission. It was alleged that petitioners borrowed $6000 from the defendant in January, 1930, and to secure their note given for the loan they executed and delivered a deed to certain described realty; that they made payments of interest up to July 25, 1933, but failed to pay any of the interest accruing thereafter; that they failed to pay the taxes on the realty for the years 1931, 1932, 1933, and 1934, although (as appears on the face of the petition) they had obligated themselves to keep the taxes paid, and to keep the buildings insured, which, according to the petition they did not do.   It was further alleged that the defendant, after these defaults, advertised the property for sale under the power of sale contained in the security deed, and at the sale had thereunder bid in the property for $6000; that after that foreclosure The Holding Commission brought suit in the city court of Macon against these petitioners, to recover a judgment for $3065.75, which it claims as the balance due on the indebtedness for unpaid interest, taxes, insurance, and attorney's fees; and the present equitable suit is brought to enjoin that suit, and to obtain an accounting.   A general demurrer to the petition was sustained, and the petitioners excepted.

In view of the facts alleged in the petition the plaintiffs were not entitled to an injunction on the ground that they sought

to have an accounting. There was no involved account which required the granting of an injunction for the special purpose of ascertaining the amount in which the plaintiffs were indebted to the defendant. While the petitioners allege that the amounts due for insurance were unknown to them, no reason is shown why they could not ascertain this fact without a resort to a court of equity. And though it is alleged that the tax rate and the amount due for taxes for year 1936 was unknown, because the assessment and the rate had not been fixed for that year, the petition fails to show why petitioners could not ascertain from the records of the county the amount of taxes for which they obligated themselves to pay for the other years for which they failed to pay in accordance with the terms of their contract.

■ The other ground on which the petitioners seek injunction is that The Holding Commission is without authority to enforce the collection of its claim against the petitioners, because in making the loan to them it was acting beyond the powers contained in its charter. In the charter of The Holding Commission we find the provisions that "The Holding Commission is hereby chartered as a corporation, with perpetual succession for twenty years from this date, with the right to renew said charter at the end of said time by conforming to the law, and the said Holding Commission has the right to sue and be sued, to contract and be contracted with, to have and use a common seal, and to carry on the business of such Holding Commission as set out in said petition, and the powers prayed for therein are also granted." In the petition for charter we find, among other powers applied for, "that the said Holding Commission and their successors in office shall, upon the proper transfer of the title thereto, hold the legal title to all property transferred to it by the different institutions fostered by the said Baptist Convention of the State of Georgia, both real and personal, including bonds, mortgages, notes, and other evidences of indebtedness of every kind. . . The Holding Commission shall make annual reports to the Baptist Convention, showing an itemized statement of all the property it holds for each institution, in pursuance of the said charter, how it is invested, the income therefrom and how applied, and shall attach an audit made by some standard auditing company. . . That The Holding Commission or their successors in office, or a majority of them, shall have the power to

make such by-laws and rules for the government of the said The Holding Commission, and the management of the properties conveyed to it in pursuance of the terms of the charter herein applied for, as they may deem proper and fit."

We think it is clear that under these provisions in the charter it was contemplated and intended that where The Holding Commission was in possession of funds to be used for the purposes contemplated in the charter, it might lend the same and enter into a contract like that involved in this note and security deed. The references to income received by the commission and the disposal of the income, and dealing otherwise with the income, alone show that The Holding Commission could make a loan like that involved here. It was clearly in view that loans could be made for the purpose of producing an income to be devoted to those purposes contemplated in the application for the charter and the charter itself. Principles like this have been laid down in cases decided by this and other courts, and our attention has not been called to any decision that holds adversely to what we have said. In *Wood Hydraulic Hose Mining Co.* v. *King*, 45 *Ga.* 34, it was held: "It is not necessary that the charter of a company should specify the powers granted to it, except so far as to specify the purposes of the company, and to define its franchises. Unless restrained by the charter, the grant of corporate powers carries with it the powers necessary to carry the franchise into effect." It would be impossible for The Holding Commission to produce income from the funds entrusted to its care as trustee for the various educational and religious institutions fostered by the Baptist Convention of Georgia, without making investments of those funds as they came into its hands; and since the court in granting its charter gave it the power to make contracts, it necessarily follows that any contracts which may be necessary for the purpose of investing these funds and producing income therefrom are within the scope of its charter powers. In Clark on Corporations (2d ed.), 115, § 52, the author says: "Corporations not only have the powers expressly granted by the charter, and the particular powers which have been mentioned as incidental to corporate existence, but, in addition, they have all powers that are reasonably necessary or proper for the execution of the powers that are expressly granted,

provided such powers are not withheld."· In view of the petition, the judgment sustaining the demurrer is

Affirmed. All the Justices concur.