## FARRAR *v.* EMPIRE TALC & LUMBER COMPANY *et al.*

BELL, Justice. 1. In a suit by a stockholder for rescission and cancellation of a deed alleged to have been made in behalf of the corporation by the president without authority of the directors or stockholders and for an inadequate consideration, where a copy of the deed was attached to the petition and recited that it was made in pursuance of and in accordance with a lease contract "with option to purchase said property," which antedated the deed by nearly two years, and which lease contract had been transferred by the lessee to the persons named as grantees in the deed, and there is no allegation attacking the recital or showing that the lease with option to purchase was not a valid and binding contract as against the corporation, the petition when considered on general demurrer must be construed as showing that the corporation was under a legal and binding obligation to execute the deed in question, and consequently that the final sale and conveyance, the only transaction complained of, did not result in injury to the corporation or its stockholders, notwithstanding the averments as to want of authority in the president. Code, §§ 22-710, 22-711, 37-106; *Blaisdell* v. *Bohr,* 77 *Ga.* 381; *Hand* v. *Dexter,* 41 *Ga.* 454; *Smith* v. *Albright-England Co.,* 171 *Ga.* 544 (3) (156 S. E. 313) ; *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867) ; *James* v. *Maddox,* 153 *Ga.* 208 (3) (111 S. E. 731).

2. The petition failed to state a cause of action, and was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 13266. JULY 13, 1940.

*Wright & Willingham,* for plaintiff.

*D. W. Mitchell, W. M. Henderson,* and *Jesse M. Sellers,* for defendants.