February 7, 1941. The opinion of the Court was delivered by
This is an action the primary purpose of which was to require the executors of the will of Homer H. Peeples to make an accounting of their acts and doings, to make disbursements of the money and other property of the estate, and for the appointment of a Receiver. A rule was issued to show cause why a Receiver should not be appointed. The return to the rule was heard by Honorable J. Henry Johnson, Judge of the Fourteenth Circuit, who made an order dated July 21, 1939, by which he refused to appoint a Receiver, but directed the executors to make a full and complete return *Page 138 
of their acts and doings as such executors. They, within thirty days thereafter, filed an accounting covering the period from May 2, 1930 (which was the day of the death of Homer H. Peeples), to the 31st day of July, 1939. December 12, 1939, Judge Johnson filed an order making Ethel Blandford, B.H. Levy Bro. Company and Security Lumber Company, judgment creditors of Thornwell Peeples, parties to the action, and directing that certain real estate of Homer H. Peeples be sold.
The order further provided that all other questions involved in the action be referred to the Clerk of Court of Hampton County, as special Master. The special Master filed his report January 8, 1940. March 9, 1940, the executors filed a supplementary report, May 13, 1940, Judge Johnson issued a final order in the matter which contains such a full and clear statement of the history of the case and the litigation that we need not set out the proceedings which preceded this final order. Let it be reported.
It is from this order that the appeal comes to this Court, upon exceptions made by Thornwell K. Peeples. They are six in number and are treated by his counsel, in his brief, as making seven questions.
We are satisfied with the decree of the Circuit Judge, except in one particular: His Honor ordered that the executors be discharged. It is stated in the order appealed from: "* * * The sworn return of the Executors and final accounting reports that the interest of Thornwell K. Peeples and funds in the hands of said two Executors due to Thornwell K. Peeples has been subjected to the jurisdiction of the City Court of Savannah, Georgia, through service of summons and garnishment directed to said Executors in a suit pending in said Court in Savannah, Georgia. I, therefore, find and hold that a full, true and correct accounting has been made by Thomas R. Peeples and Walter C. Peeples, as active Executors of the last Will and Testament of Homer H. Peeples and that the balance in the hands of them as Executors of said Estate now due to the defendant, *Page 139 
Thornwell K. Peeples, is the sum of Four Thousand Seven Hundred Sixty-three and 70/100 ($4,763.70) Dollars, and that those funds through the attachment in the City Court of Savannah, Georgia, are in the jurisdiction of that Court and to be disbursed and accounted for said two Executors subject to the orders of that Court. * * *."
It is apparent that until this matter now in the jurisdiction of the City Court of Savannah, Georgia, is finally disposed of, it cannot be said that the estate has been finally settled by the executors. The action of that Court might entail further action on their part. It was, therefore, error to give them a final discharge.
For that reason, and that only, the order appealed from is modified; but as it affects all other matters passed on by it, it is affirmed.
MESSRS. JUSTICES CARTER, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE G.B. GREENE concur.