## LOXAIR CORPORATION *v.* BISCOE.

No. 13570. MAY 14, 1941. REHEARING DENIED JUNE 18, 1941.

*G. S. Peck,* for plaintiff in error.

*Edgar & Allan Watkins,* contra.

JENKINS, Justice.   In order for a minority stockholder to maintain in his own name a suit in equity for fraud against a corporation and its officers, and to make the showing required by the Code, § 22-711, that he has "made an earnest effort to obtain redress at the hands of the directors and stockholders," ordinarily his demand for action must be made upon the directors as a board and upon the stockholders as a body, and not merely upon such persons individually.   *Alexander* v. *Searcy,* 81 *Ga.* 536, 543 (8 S. E. 630, 12 Am. St. R. 337); Hawes *v.* Oakland, 104 U. S. 450 (26 L. ed. 827); 18 C. J. S. 1282, § 564, and cit.   Under the previous decision in this case, the original petition by a minority stockholder of a non-resident corporation, against its president, who was also a director, and others, was subject to general demurrer on the ground that the corporation was not made a party.   It was further held that "the averments of the petition neither show that every right of the petitioner could not be amply protected within the corporation nor show that he could not prosecute his suit in the courts of the State of Florida where the corporation is domiciled and where half of the directors and the owner of half of the stock reside."   *Wagner* v. *Biscoe,* 190 *Ga.* 474, 479 (9 S. E. 2d, 650). Before the remittitur was made the judgment of the trial court, plaintiff filed an amendment, seeking to make the Florida corporation a party defendant, and alleging that its president, one of the defendants, resided in Georgia, and that certain corporate acts had been done in Georgia, and slightly elaborating the original averments as to why it was useless to ask the president and another director and stockholder of the Florida corporation to bring or join in a suit against a Georgia corporation, in which the president of the Florida corporation was an incorporator and he and such director were stockholders, and why it was necessary to name the Florida corporation a "party defendant."   Although the amendment alleged that the president of the Florida corporation and such director "have refused to authorize a suit by [that corporation] against" the Georgia corporation, the amendment failed to show any effort by the plaintiff to obtain relief from the directors as the managing body or from the stockholders as a body in the Florida corporation, or any effort to utilize its corporate machinery

by official action within the corporation to obtain the desired results. The former ruling, that the original averments failed to "show that every right of the petitioner could not be amply protected within the corporation," being the law of the case, and the averments in the amendment with respect to the alleged fraud, the acts of the defendants, and the acts of the plaintiffs in seeking relief, being essentially the same as those set forth at the time of the former decision, the petition remained fatally defective in failing to show either that an official demand was made upon the stockholders or directors, or why this could not have been done, or why it was not reasonable to require it. It is not shown that what the parties might not have appeared willing to rectify as individuals would not have been rectified by them if they had been called upon to act and had acted in their official capacities. For these reasons, the court erred in not dismissing the action on general demurrer.

This ruling renders it unnecessary to consider whether or not it was error to allow the amendment to the petition, or to overrule other grounds of demurrer.

*Judgment reversed. All the Justices concur.*