PEEPLES, executor, *et al. v.* PEEPLES, executor, *et al.*

No. 13955. January 16, 1942.

*Oliver & Oliver,* for plaintiff.

*O. E. Bright* and *Perry Brannen,* for defendants.

GRICE, Justice.  The petition concedes that the South Carolina court was an equity court, states that all the executors, heirs, and legatees were made parties to the litigation in that State, and the brief for the plaintiff contains the statement that it is admitted that the judgment of the South Carolina court is binding as to all questions except such as may have arisen subsequently to the date of its decree. As to the binding effect of the decree of a court of a sister State, see the authorities cited in *Drake* v. *Drake, 187 Ga.*

423 (5) (1. S. E. 2d, 573). It is insisted that such decree does not preclude the plaintiff from obtaining an accounting in equity against his coexecutors, and from seeking an injunction against further progress of the attachment suit in the city court of Savannah, because the Supreme Court of South Carolina did not affirm the decree of the trial court that the executors be given a final discharge. As affirmatively appears from the averments in the petition, in all other respects it was affirmed. See Dickinson v. Peeples, 196 S. C. 124 (13 S. E. 2d, 124). On the issue between plaintiff in the case at bar and the defendant executors, as to the accounting feature, the decree of the circuit court of South Carolina was affirmed without qualification. As the result of the accounting there had, a balance was struck, and it was adjudicated that a fund amounting to a certain sum was due and owing by the executors to the present plaintiff, but that these funds were in the jurisdiction of the city court of Savannah, by reason of an attachment in that court, and that said funds were to be disbursed and accounted for by the executors, subject to the orders of· the city court of Savannah. There is no issue in the present case as to the right of the executors to a discharge. There is one as to whether an accounting should be had with them. The former proceedings between the same parties in the South Carolina court and the conclusion there reached prevent the courts of this State from going into that question again.

■ The Peeples Hardware Company does not appear to have been a party to the South Carolina litigation. Did the judge err in dismissing the action on general demurrer, since the petition prayed for an accounting between the plaintiff and the Hardware Company? An accounting may be had at law. Code, § 10-102. The mere fact of such a prayer does not call into action the equity powers of a court. *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538) ; *Henderson* v. *Curtis,* 185 *Ga.* 390 (195 S. E. 152) ; *Ferrell* v. *Wight,* 187 *Ga.* 360, 367 (200 S. E. 271) ; *Manry* v. *Hendricks,* 192 *Ga.* 319 (15 S. E. 2d, 434). There must be some special reason why a court of equity should take charge. Compare Code, § 37-301. The petition must show (and this means more than the mere assertion of a conclusion) some reason why the remedy at law is inadequate. *Burress* v. *Montgomery,* supra; *Henderson* v. *Curtis,* supra; *Branan* v. *The Holding Commission,* 183 *Ga.* 736

(189 S. E. 593). Since it appears from the petition as amended that the Peeples Hardware Company has pending in the city court of Savannah a suit at law against the plaintiff, seeking a money judgment, that is the court in which plaintiff should seek for appointment of an auditor, and an accounting. Compare Code, § 37-122. In so far as it was directed to the effort of the plaintiff to obtain an accounting in equity, the defendants' demurrer was properly sustained.

■ The right of the plaintiff to enjoin the prosecution in the city court of Savannah of the attachment case of the Peeples Hardware Company against him must be tested by the averments of the petition as amended, and upon application of the legal principles involved. Equity may restrain a proceeding in another court which is contrary to equity and good conscience and for which no adequate remedy is provided by law. Code, § 55-101. Equity, however, will not enjoin the proceedings and processes of a court of law, unless there be some intervening equity or other proper defense of which the party, without fault on his part, can not avail himself at law. Code, § 55-103. Not one of the matters asserted by the plaintiff as reason why he should not pay the note which is the subject-matter of the suit he seeks to enjoin involves the grant of any affirmative equitable relief. Every suggestion contained in his allegations as to defenses he has to the litigation pending in the city court is a matter which he could plead in that suit, and there assert his contentions as effectively as in a court of equity. *House* v. *Oliver,* 123 *Ga.* 784 (51 S. E. 722) ; *Armstrong* v. *American National Bank,* 144 *Ga.* 245 (86 S. E. 1087) ; *Clower* v. *Bryan,* 175 *Ga.* 790 (166 S. E. 194). Therefore he showed no right to injunction against the suit in the city court.

■ Can the petition as amended be maintained as a suit in equity by a minority stockholder against the corporation and its officials, under the Code, § 22-711? An examination of the plaintiff's averments will disclose that a serious question is presented as to whether or not it affirmatively appears therefrom that he has not acted with that promptness which is required, and also whether on the whole such a case is presented as shows such conduct on the part of the directors as is contemplated by the section. Compare *Cozart* v. *Georgia R. &c. Co.,* 54 *Ga.* 379 ; *Bartow Lumber Co.* v. *Enwright,* 131 *Ga.* 329 (62 S. E. 233) ; *Proctor* v. *Piedmont Port-*

*land Cement Co.*, 134 *Ga.* 391 (67 S. E. 942) ; *Bush* v. *Bonner*, 156 *Ga.* 143 (118 S. E. 658) ; *Smith* v. *Albright-England Co.*, 171 *Ga.* 544 (156 S. E. 313) ; *Loxair Corporation* v. *Biscoe*, 192 *Ga.* 357 (15 S. E. 2d, 438). Neither of these subject-matters need be considered, however, because there is absent from his pleadings any showing "that he made an earnest effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or it was not reasonable to require it," which under § 22-711 must be shown.

The petition discloses that no board of directors of the corporation has been "regularly elected." No effort has been made to seek redress at the hands of those who, for aught that appears, are acting as directors, although not regularly elected. If it be said that it would be unreasonable to require such an effort (as to the correctness of which position we express no opinion), the same thing does not apply to the stockholders, although it is alleged that no stockholders' meeting has been called. There are eight of these. It is not alleged that the defendants exercised a controlling influence over a majority of the stockholders, and it is not suggested that it would be unreasonable to require that the effort to right the wrongs be sought at the hands of the stockholders. Nor is the case aided by the allegations as to what is contained in the face of the stock certificates, it not appearing that it is obligatory on the corporation to purchase his stock, or that there exists any intention on its part or that of any of the other defendants to acquire it. It is one of the conditions precedent to the bringing of a suit of the character now under discussion that redress must first be sought at the hands of the stockholders, as well as the directors. *Nussbaum* v. *Nussbaum*, 186 *Ga.* 773 (199 S. E. 169). Since this was not done, the petition as amended can not be maintained as a proceeding in equity by a minority stockholder against the corporation and its officials, under the Code, § 22-711.

■ Since the judgment sustaining the general demurrer to the petition as amended must be affirmed, and controls the entire case, no necessity exists for passing on the assignment of error dealing with the plea of res judicata.

■ For reasons indicated above, it was not error to sustain the general demurrer to the petition as amended, and to dismiss the action. *Judgment affirmed. All the Justices concur.*