23353.   BRYANT REALTY CORPORATION et al. v. LORBERBAUM et al.

ARGUED FEBRUARY 14, 1966—DECIDED FEBRUARY 25, 1966.

H. E. Kinney, for appellants.

S. Jarvin Levinson, Haas, Holland, Freeman, Levinson & Gibert, William M. Sinrich, for appellees.

MOBLEY, Justice. The appeal is from a judgment overruling a general demurrer to a petition brought by minority stockholders, owners of 25% of the stock of Bryant Realty Corporation to enjoin the majority stockholders, who owned 75% of the stock, from signing as accommodation indorser guaranteeing obligations of the Lawtex Corporation, in which corporation petitioners also owned 25% of the stock and the two defendants 75% thereof.

The petition shows that the original charter of Bryant Realty Corporation did not authorize the corporation to make any purely accommodation guaranty, indorsement or contract of suretyship, but at a called meeting of the corporation at which all stockholders were present or represented by proxy, the charter was amended to so provide. Plaintiffs' attorney, who held the plaintiffs' proxy, stated their objections to the amendment and voted their 25% of stock against the amendment, and the other two defendant stockholders voted their 75% stock for the amendment.

822

Plaintiffs then brought this petition as amended to enjoin Bryant Realty Corporation and its officers and stockholders from exercising the power. The sum and substance of the petition is that defendants purport and plan for Bryant Realty Corporation to make accommodation indorsements of obligations of Lawtex Corporation and that it is not in the best interest of Bryant Corporation for this to be done, and that the corporation does not have lawful authority to do so. No acts of fraud are alleged.

■ The petition fails to show that Bryant Realty Corporation does not have lawful authority to make purely accommodation indorsements, guaranty, or contracts of suretyship of obligations of Lawtex Corporation. *Code Ann.* § 22-1828 (Ga. L. 1937-38, Ex. Sess., pp. 214, 224) provides "[S]ubject to such limitation, if any, as may be contained in its charter or any amendment thereto, every corporation shall have the following powers: . . . (c) To guarantee, become surety upon or indorse the contracts or obligations of any other corporation, firm or individual as to matters in which the corporation guaranteeing has a direct interest but shall not have the right to enter into any contract of guaranty, suretyship or indorsement where the corporation guaranteeing has no direct interest in the subject matter of the contract guaranteed or to make any purely accommodation guaranty, indorsement or contract of suretyship, unless such right to guarantee or indorse or become surety is contained in the charter of the corporation or an amendment lawfully made thereto." While Bryant Realty Corporation did not have authority in its original charter to make any purely accommodation guaranty, indorsement or contract of suretyship where it had no interest in the transaction, by the amendment to the charter such authority was granted it.

The next question is whether the amendment was lawfully made to the charter. As to this, the petition does not show that the procedure followed in adopting the charter amendment was not in order and not in accordance with the laws of this State. On the contrary, it alleges that plaintiffs were given notice of the meeting which included notice that the purpose of the meeting was to consider an amendment to the charter of Bryant

Realty Corporation to give it power to guarantee, become surety upon, or indorse contracts or obligations of any other corporation including "purely accommodation contracts of guaranty, suretyship, or indorsement, where this corporation has no interest in the subject matter of such contract. . ." The amendment was adopted by more than the required vote.

Code Ann. § 22-1814 (Ga. L. 1937-38, Ex. Sess., pp. 214, 219) provides: "Any corporation . . . may . . . amend its charter in any respect, provided that only such provisions shall be inserted by an amendment as it would be lawful and proper to insert in a petition or declaration for the creation of such a corporation." The language in Code Ann. § 22-1828 (Ga. L. 1937-38, Ex. Sess., pp. 214, 224) that a corporation may not make accommodation indorsements unless such right is contained in the charter of the corporation, is the same as saying that if such right is contained in the charter it may do so. Thus, clearly the provision of the amendment authorizing accommodation indorsements is one which would have been lawful and proper to insert in the original petition for charter, and Bryant Realty Corporation possessed the lawful authority to make accommodation indorsements, guarantees, and contracts of suretyship of obligations of Lawtex Corporation.

■ The petition alleges no acts of fraud committed or planned to be committed by Bryant Realty Corporation, its officers, or stockholders. It alleges no more than that they plan to make purely accommodation guarantees, indorsements, or contracts of suretyship of Lawtex Corporation and that this is not in the best interest of Bryant because Lawtex is a manufacturing corporation, whose operations are of a marginal nature, which may result in loss to the company. These allegations are purely speculative and conjectural. The acts planned by defendants may prove to be unwise, as plaintiffs think, but it is well settled that equity will not interfere to prevent unwise or unfounded acts or policies. Peeples v. Southern Chemical Corp., 194 Ga. 388, 392 (21 SE2d 698). And it is equally well settled that the internal management of a corporation will not be interfered with at the instance of minority stockholders—unless the majority stockholders are acting without charter power, or a strong

case of mismanagement or fraud is shown. *Smith v. Albright-England Co.,* 171 Ga. 544, 545 (3) (156 SE 313). See also *Collier v. Mayflower Apartments, Inc.,* 196 Ga. 419 (26 SE2d 731); *Regenstein v. J. Regenstein Co.,* 213 Ga. 157 (97 SE2d 693).

*Judgment reversed. All the Justices concur.*