### 56336. SNEED v. FIRST NATIONAL BANK OF GWINNETT COUNTY et al.

BELL, Chief Judge.
This is a suit for damages which arose out of a real estate transaction. The trial court granted summary judgment to defendants.

These facts are not controverted. The plaintiff, Robert Sneed, and two others, Lamar Sneed and M. David Merritt, were the owners of a parcel of realty which they agreed to convey to the defendant Beavers.

Lucian Lamar Sneed negotiated the sale with defendant Beavers on behalf of the plaintiff, Mr. Merritt, and himself. All three parties are attorneys. The agreement called for the payment of $35,000 as the consideration for the conveyance. Pursuant to this agreement, all three parties executed a warranty deed conveying the property to defendant Beavers. Plaintiff and Mr. Merritt sent the signed deed with a transmittal letter to Sneed, instructing him to deliver the deed to defendant and that it was their understanding that the $35,000 check be made payable to all three and that it should be deposited in Mr. Merritt's trust account. This letter was not sent to any of the defendants.

Defendant Beavers obtained a $35,000 loan from defendant bank in order to pay the agreed price for the land. Lucian Lamar Sneed advised the defendants that he represented all grantors of the deed. Mr. Sneed delivered to the defendant bank's attorney the executed warranty deed with direction to deliver it to defendant Beavers at the loan closing on the receipt of a check for $35,000. A check was issued by defendant bank which was made payable jointly to defendant Beavers and Lucian Lamar Sneed & Associates, P.C. Lucian Lamar Sneed had specifically instructed that the check be made payable to his professional corporation. Defendant Beavers endorsed the check as did the professional corporation and it was deposited in the latter's escrow account. No limiting instructions as to disbursement of the $35,000 were received by defendants prior to the closing from either plaintiff or Mr. Merritt. Plaintiff thereafter was tendered a check for $3,000 by Lucian Lamar Sneed which he refused to accept. Plaintiff brought this suit to recover one third of the $35,000 paid for the land. *Held:*

Plaintiff's claim is simply that the defendants failed to comply with certain instructions known only to Lucian Lamar Sneed, his agent (i.e., to make the check jointly payable to all three attorneys and to deposit it in Mr. Merritt's account). Private instructions not known to persons dealing with an agent who appears to be acting within the scope of his authority cannot affect those dealing with the agent. *Hines v. Wallace,* 25 Ga. App. 377 (103 SE 439). The undisputed facts demand judgment for defendants. Thus, summary judgment was appropriately granted to both defendants.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 12, 1978.

*Allen F. Townsend,* for appellant.
*Webb, Fowler & Tanner, Jones Webb, J. L. Edmondson, James W. Garner,* for appellees.